## CASKEY, Sheriff, &c., v. The STATE.

1. In a proceeding before the judge of the county court, by a surety of a sheriff, to compel him to execute a " new bond," every fact must appear upon the record which is necessary to give the court jurisdiction.

2. It is therefore necessary that the name of the surety, requiring another bond to be executed, should be stated in the citation—that a particular day should be set for the execution of such "new bond"—and that the judgment of the county court, vacating the office of the sheriff, should state that the sheriff neglected or refused to give such new bond with good and sufficient surety.

Error to the County Court of Randolph.

This was a proceeding before the judge of the county court of Randolph, against the sheriff of the county, at the instance of one of his sureties. On the 6th of June, 1843, a citation issued to him by order of the judge, as follows :

" The State of Alabama, Randolph county.—To Robert Caskey, sheriff of Randolph county : You are hereby notified to be and appear before John D. Brown, Judge of the county court aforesaid, to give bond and security, as required by law, for the faithful performance of the duties of said office of sheriff, within fifteen days from the date of this notice, or the office will be declared vacant. One of the securities on your present bond, having filed, a written notice that he will no longer consent to be security on said bond. Given under my hand this 6th day of June, 1843."

This notice was served on the sheriff the same day.

On the 21st June, 1843, the following judgment was rendered :

" Robert Caskey having been surrendered by his securities on his official bond on the 6th instant, and notice having on that day issued to said Caskey, requiring him to come before me within fifteen days from the date thereof, and give bond, or the office would be declared vacated; and the said Caskey having failed to present such a bond as the judge of the county court believed would sustain the interest of the county, and a faithful discharge of the duties of the office—and the fifteen days, within which the said Caskey was notified to appear and give bond, having ex-

pired—the judge of the county court, aforesaid, hereby declares, as the law directs, the office of sheriff in Randolph county be vacated, and that the same will so remain, until filled by Executive appointment or election. It is further ordered, that the said Robert Caskey have due notice of the same; which notice the clerk will issue forthwith."

From this judgment, this writ is prosecuted; and the assignments of error bring to view the regularity of the proceeding.

Wm. B. Martin, for plaintff in error.
Rice, contra.

ORMOND, J.—The statute, under which this proceeding was had, will be found in Clay's Dig. 534.

"§ 13. It shall be the duty of the judge of the county court, whenever application shall be made to him by the security or securities, or either of them, of any clerk or sheriff, or other officer, of any county in the State, to issue a citation to the said clerk, sheriff or other officer, to appear before him on some day therein named, not less than ten nor more than fifteen days, then and there to enter into a new bond, with good and sufficient securities, for the faithful execution of the duties of his office."

"§ 15. If any clerk, sheriff or other officer, being duly served with a citation as aforesaid, shall fail or refuse to give the bond required as aforesaid, it shall be the duty of the judge of the county court to decree the office of the said clerk, sheriff or other officer to be vacated; and shall cause an entry thereof to be made on the minutes of the county court; and such vacancies shall be filled as now prescribed by law."

By this law, a summary jurisdiction is conferred on the county court, to be exercised in a mode particularly pointed out in the statute; and, according to all our decisions on this class of cases, from the earliest period of our judicial history, every fact necessary to give the court jurisdiction, and to authorize its judgment, must appear upon the record.

The judge cannot institute this proceeding of his own mere motion, but it must be at the instance of a surety of the sheriff, making application to him for that purpose. The record must not only show this, but we think it must also appear who the surety or sureties, who wish to be discharged from further liabili-

ty on the bond, are; and of this the sheriff should have notice, that he may prepare to give additional surety. In this particular, this record is defective, as it does not appear who the surety is who made the complaint.

The proceeding is also fatally defective, because no day was set for receiving the new bond from the sheriff, the citation requiring him to appear within fifteen days from the date of the citation. In a proceeding so summary, and so penal in its consequences as this, it would be manifestly unjust that the court should have power to vacate the office, unless the sheriff had notice of the time when the court would adjudicate the matter, and such is the express requisition of the statute.

The judgment of the court, vacating the office, is also erroneous. It recites that the sheriff "failed to present such a bond as the judge of the county court believed would sustain the interest of the county, and a faithful discharge of the duties of the office." The only requisition the judge of the county court could rightfully make of the sheriff, was, that he should "enter into a new bond, with good and sufficient securities, for the faithful execution of the duties of his office." Whether the omission to present such a bond as, in the opinion of the judge, *would sustain the interests of the county*, was intended to mean that the sheriff failed or refused to execute a " new bond, with good and sufficient surety," we are unable to say. The reason assigned for the judgment, is the *opinion* of the judge, which seems to have been formed on facts in evidence before him, but which are not disclosed. But the record, in such cases as these, must state *facts*, and not conclusions or deductions from facts which do not appear; otherwise, it would be impossible that the judgment of the inferior court could be reviewed in an appellate court.

The result of this examination is, that the judgment of the county court vacating the office of sheriff of Randolph county, must be reversed.