## KEENAN *vs.* COMM'RS' COURT OF DALLAS CO.

1. The proceedings of the commissioners' court, in the establishment of a public road, cannot be sustained, when assailed on *certiorari*, unless the record shows that the court had jurisdiction, and that its jurisdiction was exercised in the mode prescribed by the statute.
2. The form of oath prescribed for the viewers of the road (Code, § 1134) must be fully set out, and precisely pursued: a recital, in their return, that they were "duly sworn before acting," is insufficient.
3. The record must show that the road described in the order of the court was viewed and marked out by the jury, "to the greatest advantage to the public, and with as little prejudice to individuals as possible, and without partiality or favor :" where the order of the court directs the jury "to view and mark out the best route for the said road," and they report that, "being duly sworn before acting," they "performed the duty assigned them in the order to the best of their ability, without partiality or favor," this is not a sufficient compliance with the requisitions of the statute.

APPEAL from the Circuit Court of Dallas.
Tried before the Hon. NAT. COOK.

In the matter of William P. Molett's application for the establishment of a public road, which was contested by the appellant, M. J. Keenan. The order of the Commissioners' Court, establishing the road, is as follows : " It is ordered and adjudged that the road be established according to the aforesaid application and petition ; and thereupon the court selected and appointed seven disinterested house-holders of the county of Dallas," (whose names are here set out,) " to view and mark out the best route for the said road ; and that an order issue to the said viewers, according to the statute in such cases made and provided, and that said viewers, after viewing and marking out the same, return the same to this court on or before the next regular term." The report of the jury was in these words : " In pursuance of an order of the Hon. Court of County Commissioners," &c., (setting out at length the order above copied,) " we, the undersigned, being duly sworn before acting, do report, that we have performed the duty above assigned us, to the best of our ability, without partiality or favor."

After the report had been accepted by the court, the ap-

pellant removed the proceedings, by *certiorari*, into the Circuit Court, and there assigned errors on the record. The Circuit Court affirmed the proceedings, and rendered judgment for the costs against the contestant; and its judgment is now assigned for error. Several exceptions were saved to other rulings of the court, which are embodied in a bill of exceptions; but they are not material to an understanding of the case as here presented.

GEO. W. GAYLE, for the appellant.
WM. M. MURPHY, *contra*.

RICE, J.—Summary proceedings in the Court of County Commissioners, under the Code, to take away a man's land against his will, for the purpose of establishing a new public road, cannot be sustained, when assailed *on certiorari*, unless the record of the proceedings shows that the court had jurisdiction, and that the jurisdiction has been exercised *in the mode prescribed by the Code.*—Rex v. Croke, 1 Cowper's Rep. 26; 3 Phillips on Ev. 987; Caskey v. The State, 6 Ala. Rep. 193; Cloud v. Barton, 14 Ala. R. 347.

The mode of proceeding in such cases is prescribed by sections 1132, 1133, 1134 and 1135 of the Code. Section 1134 prescribes the form of the oath the viewers must take before they act. And therefore we must apply to this case the following well established principle, to-wit, that where a particular form of oath is prescribed, by a statute conferring a special authority, like the statute now under consideration, it must be fully set out and precisely pursued : a recital or allegation that the persons for whom the oath was prescribed by the statute, were "duly sworn before acting," is the recital of an *opinion*, or *conclusion*, and not of a *fact*, and is not sufficient.—Rex v. Croke, *supra*; Molett v. Keenan, 22 Ala. R. 484; Caskey v. The State, 6 Ala. R. 193; Leigh v. The Bank, 10 Ala. R. 339; Pl. & Mer. Bank v. The State, 12 Ala. R. 757; Duncan v. Bank, 4 Porter's R. 181.

Conceding that the Court of County Commissioners had jurisdiction in this case, it was essential to the regularity of the proceedings, that the viewers should have viewed and marked out the road described in the order, *"to the greatest*

*advantage to the public, and with as little prejudice to individuals as possible,* and without partiality or favor ;"—and that the record should show that the road had been thus viewed and marked out. The record does not show, in any manner, that the road was viewed and marked out " to the greatest advantage to the public, and with as little prejudice to individuals as possible." It does not appear that the viewers took the oath prescribed by section 1134 of the Code, nor that the duties which that oath would have imposed on them, if they had taken it, have been performed. Their report shows, that being " duly sworn before acting," they performed without partiality or favor the duty assigned them *in the order for the proposed road ;* but their report does not show that *of the court,* to-wit, viewed and marked out *" the best route"* they performed the duties which *the prescribed oath* would have imposed upon them, if they had taken it.

Although we might well hold that this proceeding could not be *collaterally* impeached for such irregularity as above pointed out, we cannot sustain it when assailed on *certiorari,* without disregarding the Code and the well settled principles which govern all such summary proceedings, *when the form of proceeding is prescribed by the statute.* The case of Long v. The Comm'rs Court, 18 Ala. R. 482, was decided under a statute which did not prescribe the form of the oath nor of the proceedings. The irregularity above referred to must be regarded as fatal, when presented (as it is here) *on certiorari.*

The judgment of the Circuit Court is reversed, and judgment must be here rendered, quashing the proceedings of the Court of County Commissioners of Dallas county, set forth in the record ; and the appellant must recover of the appellee the costs of this court and of the court below.