# Bruner *v.* Bryan.

*Bill in Equity for Injunction against Usurper of Sheriff's Office.*

1. *Requiring new bond from sheriff, on application of surety.* — When one of the sureties on a sheriff's official bond makes application to be discharged (Rev. Code, §§ 183–92), it is the duty of the probate judge, to whom the application must be made, to issue a citation to the sheriff, requiring him to appear and — not, "*show cause* why he should not file a new official bond," but — "*give a new bond;*" and if the citation is personally served on the sheriff, and he fails to give a new bond, as required, within ten days after the day specified in the citation, he vacates his office, and the probate judge must certify the vacancy to the governor, who has power to fill it by appointment. In the discharge of these duties, the probate judge acts ministerially, and not judicially; and if he certifies a vacancy, when in fact none exists, an appointment by the governor is void, and does not affect the rights of the incumbent.

[Bruner v. Bryan.]

2. *Abandonment of office.* — If a lawful sheriff, whose sureties have been discharged on their own application, and whose office has been certified to the governor to be vacant, on account of his failure to give a new bond, when in fact there is no vacancy, accepts an appointment by the governor, as in case of vacancy, such acceptance does not amount to an abandonment of his right to the office under his former title.

3. *When officer may maintain bill in equity against usurper.* — A lawful sheriff, whose office has not been vacated or abandoned, though his sureties have been discharged from liability on his bond, and a vacancy has been certified to the governor, and has been filled by appointment, may maintain a bill in equity against the person so appointed, to enjoin him from exercising the duties, or receiving the emoluments of the office. (BRICKELL, J., dissenting).

APPEAL from the Chancery Court of Lowndes.

Heard before the Hon. ADAM C. FELDER.

The bill in this case was filed by L. J. Bryan, against J. E. Bruner, and sought to enjoin the defendant from exercising the duties, or receiving the emoluments of the office of sheriff of said county of Lowndes. The complainant was elected to the said office at the general election in November, 1871, and he claimed in his bill that he had never abandoned or vacated the office, though a vacancy had been certified by the probate judge to the governor, who had issued a commission to the defendant to fill the supposed vacancy; and that the defendant had effected by force an entrance into the sheriff's office in the court-house, and was claiming to be the rightful sheriff. The material facts of the case are stated in the opinion of the court. The chancellor overruled a demurrer to the bill, and, on final hearing on pleadings and proof, rendered a decree for the complainant. The overruling of the demurrer, and the final decree, are now assigned as error.

WATTS & TROY, with whom were R. M. WILLIAMSON and W. F. WITCHER, for appellant. — 1. The governor's appointment and commission created Bruner the sheriff of the county, and he must be regarded as the lawful sheriff, until it has been ascertained by a direct judicial proceeding that there was in fact no vacancy at the time of his appointment. *Hill* v. *The State*, 1 Ala. 559.

2. This is a collateral proceeding, in which mere errors and irregularities, not showing a want of jurisdiction, do not render the appointment void. *Satcher* v. *Satcher*, 41 Ala. 26; *Cox* v. *Davis*, 17 Ala. 716; *Bishop* v. *Hampton*, 15 Ala.; *Field's Heirs* v. *Goldsby*, 28 Ala. 218; 19 Ala. 713.

3. The probate judge acquired jurisdiction, when the application of the surety was filed, asking to be discharged; and any errors or defects in the subsequent proceedings, though available on error or appeal, do not invalidate his action. Authorities last above cited; also, *Heydenfeldt* v. *Townes*, 27 Ala. 423; *Ward* v. *Oates*, 42 Ala. 227.

[Bruner v. Bryan.]

4. There was a substantial compliance with the provisions of the statute, although the citation to the sheriff did not pursue the words of the statute. Construing all the sections together, it must have been intended to give the sheriff an opportunity to contest the grounds of the application; and if not, he certainly cannot complain that he was allowed such opportunity, when he failed to appear at all.

5. Bryan's acceptance of an appointment and commission from the governor was an abandonment of the office by him, even if there was no vacancy at the time; or it is an admission by him that there was a vacancy, and estops him from denying the fact. *Marbury* v. *Madison*, 1 Cranch, 137; *United States* v. *Le Baron*, 19 Howard, 73; *McWhorter* v. *McGehee*, 1 Stewart, 546; *Sprowl* v. *Lawrence*, 33 Ala. 674; 5 Bacon's Abr. 178; *Crane* v. *Morris*, 6 Peters, 598; *Mason* v. *Hamner*, 24 Ala. 480; *Dundas* v. *Hitchcock*, 12 Howard, 256; *Bruce* v. *United States*, 17 Howard, 437.

6. The validity of Bruner's appointment, and his right to the office which he holds, can only be tested by *quo warranto*. *Tappan* v. *Gray*, 9 Paige, 507; *People* v. *Draper*, 24 Barbour, 265.

STONE & CLOPTON, *contra.* — 1. Under sections 183–86 of the Revised Code, the probate judge acts ministerially, and exercises no judicial power whatever. He has nothing to do, but to give the notice. He cannot inquire into the truth of the averments in the petition, nor pronounce them true or false. His only duty is to give the notice, and certify the fact of a vacancy when one exists.

2. The remedy provided by these sections, for a surety on an official bond who wishes to be discharged from further liability, is summary, and must be strictly pursued. *Blackman* v. *Davis*, 42 Ala. 184; *Molette* v. *Keenan*, 22 Ala. 487; 15 Ala. 139; 6 Ala. 194; 43 Ala. 595. The notice given in this case, when compared with the statute, is fatally defective. It was a nullity, and was properly disregarded by Bryan.

3. An office is property, and the lawful incumbent can only be deprived of it in a legal way. An unauthorized certificate by a probate judge, and a commission from the governor, founded on such unauthorized certificate, can neither vacate an office, nor confer on another a right to it. The governor is not charged with the duty of ascertaining whether a vacancy exists, but acts on the information furnished him by the certificate of the probate judge. If the certificate is true, his appointment is valid; if untrue, it is void, for there cannot be two rightful sheriffs in one county at the same time. *Matthews* v. *Douthitt*, 27 Ala. 275; *Guice* v. *Hooper*, 46 Ala.

[Bruner v. Bryan.]

617; *State* v. *Keil*, 47 Mo. 301; *Commonwealth* v. *Shaver*, Leading Cases on Elections, 134. Under the former statute, the rule was different, and a judicial proceeding was held necessary to vacate the governor's appointment. *Hill* v. *The State*, 1 Ala. 559. But even this is doubtful. *Matthews* v. *Douthitt, supra; Jones* v. *Jones*, 30 Ala. 590; *Rawdon* v. *Rawdon*, 28 Ala. 566; *Stewart* v. *Nuckolls*, 15 Ala. 231; *Ex parte Sandford*, 5 Ala. 562.

4. Bryan's acceptance of a commission from the governor has none of the elements of an estoppel.

5. The complainant could not proceed by *quo warranto*, to test the right to the office, because he is still in possession, and only asks to be protected against a usurper who has forcibly intruded, and who is attempting to exercise the duties of the office.

6. The jurisdiction of equity is fully sustained by the following authorities: 2 Story's Equity, § 929; *Lyon* v. *Hunt*, 11 Ala. 295; *Casey* v. *Holmes*, 10 Ala. 776; *Thompson* v. *James*, 32 Ala. 725; *Wright* v. *Moore*, 38 Ala. 593; *Potier* v. *Burden*, 38 Ala. 651; *Scott* v. *Strobach*, in MSS.; *Gates* v. *McDaniel*, 2 Stew. 211; *Harrell* v. *Ellsworth*, 17 Ala. 576.

B. F. SAFFOLD, J. — The appeal is from a decree enjoining the appellant against acting as sheriff of Lowndes county. The appellee was the duly elected and qualified sheriff, and was acting as such, when, on the 18th of November, 1872, one of the sureties on his official bond, N. D. Stanwood, made application in writing, verified, to the probate judge, to be discharged from his suretyship, on the ground that he was in danger of being made liable on the bond, without adequate remedy against his principal, in consequence of his inability to discharge such liability. On the 22d of November, 1872, the probate judge issued a citation to the appellee, Bryan, to appear on the 27th of November, 1872, at his office, " then and there to show cause, if any, why he should not file a new official bond as sheriff, one of the securities having filed a petition to be released from said bond." This notice was served on Bryan, by the coroner, on the 26th of November, 1872. On the 27th of November, 1872, the judge entered an order on his books, " that L. J. Bryan give an additional bond as sheriff of said (Lowndes) county, within ten days from this day." On the 7th of December, 1872, the judge entered another order, declaring the office of sheriff vacant, in consequence of the failure of Bryan to give a new or additional bond, and that the governor be notified of a vacancy in the office. The notice of vacancy having been given, the governor, on the 13th of December, 1872, issued a commission of appointment to Bryan. Between the 24th and 28th of December, 1872, Bryan, two or three times,

presented to the judge bonds for approval, saying he had been appointed sheriff by the governor ; but they were refused. On the 9th of January, 1873, the governor issued a commission to the appellant, Bruner, having been notified by the judge that Bryan had failed for fifteen days to file an approved bond. Under this commission, Bruner duly qualified, and assumed the duties of sheriff. Bryan then filed his bill, reciting in substance the above facts, and averring that Bruner was insolvent. He claimed to be still the rightful sheriff, and prayed that Bruner be enjoined from further exercising the duties of the office, and receiving the emoluments thereof. The answer makes no material issue of facts, except it asserts that the coroner was performing the duties of sheriff when he took possession of the office, and made no resistance to him ; and that he was not insolvent, but was worth at least four thousand dollars, above all incumbrances and debts. On the case thus made, the chancellor granted the prayer of the bill, and his decree is now assigned as error.

Bryan's incumbency and right to the office, by due election and qualification, were undisputed, and free from embarrassment, when his surety, Stanwood, made application to be released from his official bond. The probate judge, upon receipt of the application, cited him to " *show cause* " why he should not file a new bond. No other notice was given to him, or demand made upon him, in reference to the matter. But, on the day appointed in the notice given, an order was entered that he give a new bond within ten days. At the expiration of the time, the governor was informed that there was a vacancy in the office. The statute (R. C. § 185) prescribes, that when a proper application by a surety is made, " the officer to whom such application is addressed must require the principal named in such application to appear before him, on and at a certain day and place, and *give a new bond ;* which requisition must be in writing, signed by the officer making the same, and must be *personally served* on such principal before the day named therein." R. C. § 186 provides, " If such requisition is *personally served*, and the officer named therein fails to give an additional bond, within ten days after the day specified in such requisition, he vacates his office ; and the officer making such requisition must at once certify the same to the appointing power, who must fill the vacancy."

The probate judge did not require, nor intend to require, Bryan to give a new bond, on the day he was cited to appear in the notice to show cause. He fixed a period ten days subsequent for him to do so ; but of this he gave him no notice at all. Of course, then, no demand for a new bond was made. He was not bound to regard the citation to appear and show

[Bruner *v.* Bryan.]

cause, because the judge had no authority so to cite him. The statute gives the surety an unqualified right to be discharged, on his proper application. The discharge, when effected, operates as a release of all the other sureties. R. C. § 191. The judge, therefore, had no discretion or option about requiring a new bond. The sheriff was not at liberty to allege or prove any reason why he should not file another bond, and the judge had no authority to consider such allegation or proof. The duties required of the judge, in such case, are purely ministerial. He must give the notice, require the bond, approve it, if sufficient, and, if not, certify the failure to the appointing power. The appointing power, which in this case is the governor, acts solely upon the information thus received. If the information is incorrect, and there is no vacancy, any appointment by the governor is wholly inoperative and void.

In *Hill* v. *State* (1 Ala. 559), a writ of error was sued out by the sheriff, on a declaration of vacancy in his office, made by the judge of the county court, on the ground of four months' absence from the county, under a statute very similar to the one in question. This court held the order *declaring a vacancy* to be wholly unauthorized, extra-judicial, and entitled to no consideration whatever, as a judgment or inquisition of office. It was considered unnecessary to avoid it by the judgment of a superior tribunal. Judge GOLDTHWAITE, in the opinion, said the incumbent might be compelled to resort to a court of law to regain his possession ; but, as the vacancy is the only matter which can authorize the commission, its whole virtue is at an end, when it is judicially ascertained that the office was not vacant. In the case before him, no appointment had been made, or was under consideration ; and he was doubtless speaking in reference to an adverse possession of the office, not acquired by virtue alone of the governor's appointment, but through the absence of the incumbent. In such a case, good order and proper decorum would require the true officer to regain his possession by law, and not by force. But the doctrine cannot be entertained for a moment, that the rightful incumbent is ousted by the appointment of another, *proprio vigore*. It would fill the State with litigation and tumult. Every species of deceit, treachery, and forgery, would be resorted to, to obtain appointments, which would be met on the other hand with violence, in consequence of the law's delay.

2. Bryan's acceptance of a commission of appointment from the governor cannot be construed into a resignation of his right to the office under his election. It is more indicative of a determination not to abandon it. He, no doubt, thought if he could procure the commission, it would be as good a way as any to quiet his title. He would have to give a new bond in any

[Bruner v. Bryan.]

event.   We cannot deduce an, intention to resign an office from, an act which itself gives evidence of the opposite intention. Inasmuch, therefore, as he had not failed to give bond after proper notice to do so, and there was no proof of any abandonment of his office, by which Bruner, under color of his commission, could have acquired adverse possession, the latter was manifestly exhibited to the chancellor as attempting to exercise the duties and privileges of sheriff, while they were being performed and enjoyed by the rightful sheriff.

3. What is the remedy in such case ?   Has a court of equity any jurisdiction in the matter ?   " The powers and jurisdiction of courts of chancery extend, 1st, to all civil causes in which a plain and adequate remedy is not provided in the other judicial tribunals."   R. C. § 698.   On undoubted precedent and authority, this jurisdiction attaches to restrain a person from violating an exclusive privilege, by participating in it. ·The reason for interference is stronger, if the attempt be to disable the party from using it.   It is not sufficient to exclude the jurisdiction, that an action at law could be maintained, or that the materials exist on which a verdict might be found, and a judgment rendered.   An action at law affords a remedy only for the single act.   Equity interposes to prevent its repetition, and to protect the privilege.   Irreparable injury is a ground of jurisdiction, and it exists when the remedy at law would be barren of results — a remedy in name only, not in substance.   This is the doctrine of the supreme court of the United States, in *Osborn* v. *U. S. Bank* (9 Wheat. 738), restraining the auditor of Ohio from collecting an illegal state tax out of the bank.   There was remedy by action at law to recover the money; but Chief Justice MARSHALL said the remedy in equity was more beneficial and complete than the law could give.

It has been held by this court, that the right to exercise an office is as much a species of property as any other thing capable of possession ; that a wrongful deprivation or withholding of it is as susceptible of redress as any other wrong, and is triable by jury.   *Wammack* v. *Holloway*, 2 Ala. 31.   The correctness of the proposition is indisputable between individual claimants, whatever modifications it may be subject to in a controversy between the officer and the State.   It is not affected by any statutory provisions in respect to contested elections, because the theory in such cases is, that neither of the contestants has the right until the contest is determined.

What remedy has the lawful incumbent when another assumes his office?   It is vain to say that he is not, or cannot be, injured.   Such usurpation is seldom practised without some color of right, and some adherents of influence sufficient to create a doubt in the minds of the people as to which should be

[Bruner v. Bryan.]

recognized and obeyed. He is not ousted, though the other may show a commission from a proper power, because the false authority cannot be held more potent than the true. Reason dictates that the subsequent appointee should sue out the prior one, because of his actual possession. In cases like this, the governor does not ascertain a vacancy. The law fixes the fact upon which he must appoint, and requires the probate judge to find and report that fact. In *Hill* v. *State, supra,* this finding was held to be a mere ministerial act, which, if untrue, confers no right. The incumbent is, therefore, without remedy at law. He cannot proceed by *quo warranto,* because he cannot admit that he is dispossessed. His action for damages, commenced to-day, does not include the injuries which may be inflicted to-morrow. Having thus shown him to be without remedy at all, it is needless to argue in his behalf any inadequacy of remedy.

No sufficient reason can be given why equity should not interfere at the suit of either party. It is a court of equal power and dignity with the circuit court. The public is as much interested in knowing who is the officer as the claimants are. When two are acting, the acts of one must necessarily be void. There cannot be two sheriffs in one county. *Bondurant* v. *Buford,* 1 Ala. 359. Rights of property depend largely on service of process, and other duties to be performed by the sheriff. Operating through a series of years, the entire property of the community becomes affected by them. When the judgment of avoidance, even in one case, is declared, distress, confusion, and disaster ensue. What more salutary jurisdiction can be exercised by the chancery court, than at the outset to call these contending claimants before it, hear what they have to say, and decide which of them shall exercise the office for the present, and until the circuit court and its jury finally adjudge the dispute. It requires a bond of the successful party amply to indemnify the other; which is not the case at law. It prevents the imposition upon the people by fraud and violence of an officer whom they have not selected. It conserves the peace, and thereby prevents demoralization. It discourages unlawful attempts to seize on and appropriate offices, by summarily restraining the wrong, and thereby removing the inducement. Its judgment does not finally determine the right, but, in most cases, it so develops and manifests it, that further litigation is avoided. The decree is affirmed.

BRICKELL, J. (dissenting.) — I cannot concur in the foregoing opinion. A bill in equity is not a proper remedy to try the right to a public office. Besides, the probate judge had power to declare the office of sheriff vacant, under the

facts stated in the pleadings. That power he exercised, and it is presumed rightfully, — conclusively so presumed, until his action shall be reversed by a superior tribunal.

Apart from this consideration, the case presents the anomaly of continuing in office a sheriff, without an official bond, for the protection of the public and of the citizen, having large pecuniary interests dependent on his fidelity and promptness. For the court is compelled to the concession, that the proceedings before the probate judge had the effect to release or discharge the sureties of the complainant as sheriff. It cannot be that, in legal contemplation, an individual right to a public office is superior to the right of the public to security against his mal-feasance or non-feasance.