# Brown *v.* The State.

*Indictment for Murder.*

1.   *Organization of jury in capital case; what constitutes venire to be served on defendant.*—When the day set for the trial of a capital case is a day of the same week in which the special

[Brown v. The State]

jurors are drawn, the special jurors so drawn, together with the panel of petit jurors organized for the week, constitute the venire from which the jury to try such case shall be selected (Code, § 5005), and, therefore, constitute the venire, a copy of which, together with a copy of the indictment, must be served on the defendant or on counsel appearing for him, at least one entire day before the day set for his trial (Code, § 5273); and if the list of jurors served upon the defendant does not contain the names of all the jurors constituting the panel of petit juries organized for the week, such omission constitutes a ground for quashing the venire; and this error in the organization of the jury is not cured by an offer of the court, while the names of jurors were being drawn as provided by the statute (Code, § 5009) to put the name so omitted in the hat to be drawn in the selection of the jury to try the case.

2.  *Same.*—It is no error in the trial court to refuse to discard the names of jurors when drawn for the purpose of making up a jury to try a capital case, and to order the sheriff to summon others to fill their places, because the names of the persons so drawn as jurors were shown by the initial letters of their given names instead of by their full names.

3.  *Homicides; charge to the jury; reasonable doubt.*—A charge is erroneous and properly refused which instructs the jury in a criminal case that to authorize a conviction "the proof must do more than reasonably satisfy the jury of the guilt of the defendant; it must go to the extent of satisfying the jury of his guilt beyond all reasonable doubt or supposition of innocence."

4.  *Same; same; same.*—In a criminal case, a charge is erroneous and properly refused which instructs the jury that "a reasonable doubt may exist, although the evidence reasonably satisfies the jury that the defendant is guilty;" such charge being argumentative and misleading.

APPEAL from the Circuit Court of Washington.

Tried before the Hon. WILLIAM S. ANDERSON.

The appellant in this case was indicted, tried and convicted for murder in the first degree and sentenced to be hanged.

The facts of the case pertaining to the rulings of the court upon the motion to quash the venire are sufficiently stated in the opinion.

After the court overruled the motion to quash the venire, the names of the jurors upon the lists served upon

the defendant were placed in a hat, each name on separate slips of paper. The bill of exceptions recites that "The court offered to put the names of George S. Dickson and Z. T. Hill in the hat also, but the defendant's attorney replied that he had no answer to make to the offer; and the names were not placed in the hat." As the organization of the jury proceeded by the drawing of the separate slips of paper with the name of a juror thereon, the name of one "J. P. Wheat" was called. A juror answered to this name, and after being duly sworn testified that his name was "Joseph P. Wheat;" that J. P. Wheat were his initials, that he was generally called "Joe," that he received letters, signed checks and other papers as J. P. Wheat. Thereupon the defendant moved the court to discard the name of the juror "J. P. Wheat" and to order the sheriff to summon from the qualified citizens of the county another juror to fill the place of J. P. Wheat, upon the grounds that there was a misnomer, and because the name "Joseph P. Wheat" did not appear on the lists served on the defendant. The court overruled this motion, and the defendant duly excepted. There were similar motions and rulings in reference to several of the jurors whose names were drawn from the hat.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury, among others, the following written charges and separately excepted to the court's refusal to give each of them as asked: (1) "The court charges the jury that to authorize a conviction in this case the proof must do more than reasonably satisfy the jury of the guilt of the defendant; it must go to the extent of satisfying the jury of his guilt beyond all reasonable doubt or supposition of innocence." (2) "The court charges the jury that a reasonable doubt may exist although the evidence reasonably satisfies the jury that the defendant is guilty.

C. C. KIMBROUGH and BROMBERG & HALL, for appellant.—The court erred in not quashing the venire on the motion of the defendant.—Code, §§ 5004, 5005, 5009, 5278; *Breden v. State*, 88 Ala. 23; *Thomas v.*

*State*, 94 Ala. 74; *Goley v. State*, 85 Ala. 333.

The first charge requested by the defendant asserted a correct proposition of law and should have been given. *Blackburn v. State*, 86 Ala. 595; *Yarbrough v. State*, 105 Ala. 43.    The second charge requested by the defendant should have been given.—*Wilcox v. Henderson*, 64 Ala. 536; *Coleman v. State*, 59 Ala. 52; *Craft v. State*, 95 Ala. 3.

CHAS. G. BROWN, Attorney-General, for the State.

TYSON, J.—On the 8th day of March, which was Thursday of the first week of the term of the court, the defendant was arraigned upon the indictment, and the 14th day of March, being Wednesday of the following week of the term, was set for the trial of the case.  A special *venire* was drawn consisting of twenty-five names, which the sheriff was ordered to summon.   The court made a further order directing a list of the names to be made and that the sheriff serve this list of special jurors, with a list of jurors drawn and summoned for the second week, and a copy of the indictment upon the defendant one entire day before the day set for the trial.   These orders appear to have been complied with.   On the day set for the trial, on motion of defendant, the *venire* was quashed, and Friday, the 16th, of the same week was set for the trial of the case. Again a special *venire* consisting of twenty-five special jurors was drawn and an order issued to the sheriff to summon them.   And a like order entered directing a list of the names to be made out, which was done and the sheriff directed to serve upon defendant this list of special jurors, together with the panel of petit jurors organized for the week, and a copy of the indictment one entire day before the day set for the trial.   These proceedings were in compliance with the statutes regulating them. Code, §§ 5004, 5005, 5273.

On Friday when the case was called for trial the defendant again moved the court to quash the *venire* upon several grounds.  Among the grounds, there are several which urge the objection that the list of jurors served upon defendant does not contain all the names of the

jurors constituting the panel of petit jurors *organized for the week,* in that the names of Z. T. Hill and George Dickson were omitted.

The record shows that there were upon the *venire* of jurors for the second week twenty-six names all of whom were summoned and appeared when the juries for the week were organized. Of this number four were excused by the court for sufficient reasons shown, reducing the number to twenty-two. In order to complete the panels Hill and Dickson were summoned, sworn and empanneled as jurors for the week. They constituted a portion of the panel of petit jurors organized for the week, and their names should have been upon the list served upon the defendant. Hill and Dickson were not talesmen but were regular jurors for the week. The case of *Jackson v. The State,* 77 Ala. 1, construing section 4763 of the Code of 1876, is not an authority against this proposition. Section 4763 made no provision for completing the juries in the event the panels were reduced below the requisite number. Resort had to be had to section 4764 for that purpose, and that section only provided for the summoning of talesmen who could not be required to serve longer than one day.

The offer of the court while the names were being drawn under section 5009 of the Code, to put these two names in the box to be drawn, cannot cure the error committed in leaving their names off the list which was served upon the defendant. He was entitled to have them served upon him or on counsel appearing for him at least one entire day before the day set for the trial of the cause. This is the plain mandate of the statute and it must be obeyed.—Code, § 5273. If these two names could be omitted, then any number could be, and if any number could, all could be. So by a process of diminution, if allowed, the statute would be abrogated.

There was no error in the refusal of the court to discard the names of the jurors when drawn for the purpose of making up the jury to try the case and to order the sheriff to summon others to supply their places, because the names of these persons were shown by the initial letters of their names instead of by their full names.

The only other matter to which an exception was reserved, was the refusal of two written charges requested by the defendant. The first of these was vicious in requiring the proof of the defendant's guilt to go to the extent of satisfying the jury beyond all reasonable supposition of his innocence.—*Morris v. State,* 124 Aia. 44. The second was argumentative and misleading.

For the error pointed out the judgment is reversed and the cause remanded.