# Welch *v*. The State.

## *Robbery.*

(Decided June 20, 1911.   56 South. 11.)

1. *Jury; Service of List.*—The statute requiring the service on the defendant of a list of jurors with a copy of the indictment, when charged with a capital felony is mandatory, and a failure to strictly comply therewith necessitates a reversal.

2. *Same; How Service Made.*—The jury law (Acts 1909, p. 318) when considered in the light of legislation upon this subject limits the service of the list of jurors and a copy of the indictment to service upon accused alone, and a service upon his counsel is not sufficient although the defendant is on bail and evading service.

APPEAL from Gadsden City Court.

Heard before Hon. A. H. ALSTON.

Bob Welch was convicted of robbery and he appeals. Reversed and remanded.

W. H. STANDIFER, and GEORGE D. MOTLEY, for appellant. No brief came to the Reporter.

ROBERT C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Counsel insist that under the statute as now framed service upon the attorney was sufficient, as otherwise a defendant charged with a capital felony and on bail might never be brought to trial.

PELHAM, J.—Section 32 of the act approved August 31, 1909 (Gen. Acts Special Session 1909, p. 305), provides that, whenever a defendant stands indicted for a capital felony, a list of the jurors or venire for his trial, together with a copy of the indictment, must be "forthwith served on the defendant by the sheriff." The defendant was indicted for a capital felony (rob-

bery), and before entering upon the trial made a motion to quash the venire on the ground that a copy of the venire was not served on the defendant as required by the statute. Proof was made on hearing the motion that the service was had on defendant's counsel, but not on defendant. The proof showed that the defendant was out on bond and could not be found by the sheriff, who, after making search to find the defendant, served defendant's counsel, he making no objection to the service on him. There was evidence introduced from which it could well be inferred that the defendant was purposely evading the service. The court, after hearing the evidence, overruled the motion to quash the venire, and put the defendant on trial; and from a judgment of conviction he appeals. The only ruling or error complained of is the order of the court overruling the defendant's motion to quash the venire because not served on the defendant personally.

Section 7840 of the Code of 1907 provides that the service of the venire can be made on the defendant "or on counsel appearing for him." Prior to this statute and under the provisions of the Laws of 1841 (Laws 1841, p. 174, § 53) and until the Code of 1886, § 4449, the statutory requirement was that the defendant must be served if in custody, otherwise service to be had upon his counsel. Before the laws of 1841, the service was required to be on the defendant (Toulmin's Dig. Ala. p. 214 § 47) as is now required by section 32 of the act of 1909 supra, which amends section 7840 of the Code of 1907.

The provisions of all of these statutes have uniformly been held to be not directory merely but mandatory, a matter to which a defendant is entitled as a right, and a failure to strictly comply held to be fatal error, working a reversal of the case.—*State v. McClendon,* 1 Stew.

10—CA

195; *Parsons v. State*, 22 Ala. 50; *Morgan v. State*, 48 Ala. 65; *Bain v. State*, 70 Ala. 4; *Brown v. State*, 128 Ala. 12, 29 South. 200.

Section 32 of the present law (Acts 1909, p. 318) providing, among other things, for service upon the defendant of a list of the jurors and copy of the indictment in a capital case has been held to be a mandatory provision of the statute (*Jackson v. State*, 171 Ala., 55 South. 118), and it has become the settled law of the state under the construction of the different statutes on the subject, that the statutes granting this right to the defendant in a capital case to have a list of the jurors to try his case and a copy of the indictment, are mandatory, requiring a strict compliance with their terms. The present law limits the service to the defendant, and authorizes it to be had on no other person, and the statute being mandatory, a strict compliance with its terms is required, and the service on any other person is without authority of law.

The correctness of this construction is emphasized by a consideration of the history of the enactments on the subject. The law requiring the service to be had upon the defendant, as first enacted, was changed so that the service was authorized to be made upon defendant's counsel when the defendant was on bond, and this law was then changed so that it could be made upon the counsel appearing for a defendant in all cases, and, by the statute now in force (Act approved Aug. 31, 1909), the law on the subject was again changed so as to require service upon the defendant alone. Under the well-known rules of statutory construction, we are precluded from giving the statute in question any other meaning than that it was intended to limit the right to serve the list of jurors and indictment upon the defendant and upon no other person.

Section 32 of the act of 1909, providing for the service of the jury lists and copy of the indictment, does not require the service to be made one entire day before the day the case is set for trial, but says the jury lists and copy of the indictment must "be forthwith served on the defendant by the sheriff, and the defendant shall not be entitled to any other or further notice of the jurors summoned or drawn for his trial nor of the charge or indictment upon which he is to be tried." Had the court, when the case was called for trial, ordered a service to be made upon the defendant by the sheriff then and there, when it was shown that an attempt had been made to serve him and failed, presumably because of an evasion of service by him, it would seem that this would have been a compliance with the present law and a sufficient service under its requirements. If it was clear that the service had not been perfected before because of the defendant's fault in evading it, and the present statute authorizing service only on the defendant, making no requisite of one entire day, but being silent as to time, it might well be held a compliance with the statute if the service had been made on defendant upon the call of the case before entering upon the trial, by giving the defendant a reasonable time to examine the jury lists and copy of the charge before proceeding with the trial. But whether or not this would be a compliance with the constitutional guaranty contained in Declaration of Rights, § 6, securing to every one accused of crime the right "to demand the nature and cause of the accusation, and to have a copy thereof," in the light of the fact that for a number of years our statutes followed the English laws and gave two entire days, until later, in comparatively recent years, when the time was reduced to one entire day, we do not decide. We do hold, however, that the service under the present law

must be had on the defendant, and, for the error of the court in overruling defendant's motion to quash the venire because not served on the defendant, the case must be reversed.

Reversed and remanded.