# Underwood *v.* The State.

## *Murder.*

(Decided April 4; 1912.   58 South. 389.)

1. *Jury; Venire; Service on Accused.*—The service required by section 32, Acts 1909, p. 317, of the list of jurors is a service upon the defendant himself.

2. *Same; Motion to Quash.*—Where a defendant does not make a motion to quash, the special venire until after the announcement of his readiness for trial, he waives his right to take advantage of defects which otherwise might be grounds of motion to quash as a matter of right.

3. *Appeal and Error; Harmless Error; Service of Jurors.*—Where the list served on defendant is an exact copy of the venire, the omission of the clerk to certify that a list of the special venire drawn to try defendant was a copy of the names of jurors in the special venire, is harmless.

4. *Homicide; Evidence; Incriminating Statement.*—Incriminating statements voluntarily made by a defendant after the homicide are admissible against him.

APPEAL from Perry Circuit Court.

Heard before Hon. B. M. MILLER.

Llewellen Underwood was convicted of murder and he appeals. Affirmed.

DAUGHDRILL & GLASS, for appellant. The motion to quash should have been granted, as it appears without dispute that the venire, etc., was not served upon defendant himself.—*Welch v. State,* 56 South. 11; Sec. 32, Acts 1909, 305.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. Although the defendant might, as a matter of right, have required the venire to be quashed because not served on him, yet by failing to enter the motion until after he announced ready for trial, he waived the defect.—*Thomas v. State,* 94 Ala. 74; *Williams v. State,* 81 Ala. 1; *Wade v. State,* 50 Ala. 164; *Ezzell v. State,* 54 Ala. 165; *Wilson v. State,* 128 Ala. 17. Counsel also cite a number of authorities from other jurisdictions sustaining the same proposition. Incriminating confessions voluntarily made subsequent to the commission of the offense are admissible against the defendant.—*King v. State,* 40 Ala. 314; *Bush v. State,* 136 Ala. 85; *Aaron v. State,* 37 Ala. 106.

McCLELLAN, J.—Under the Jury Law of 1909 (Acts Sp. Sess. 1909, p. 305, § 32), the service of a special venire must be upon the *defendant* himself.—*Welsh v. State,* 1 Ala. App. 144, 56 South. 11. The defendant was indicted September 19, 1911. On September 22, 1911, the defendant was arraigned upon the indictment, and pleaded not guilty, and his trial was set for September

29, 1911, and, being unable to employ counsel, two learned practitioners were appointed to defend him. A special venire was constituted to try the defendant; but its service was had, on September 23, 1911, upon the defendant's counsel, and not upon defendant. The case "was called by the court. The solicitor for the state asked the clerk to call the names of his witnesses, which was done, and they answered, and the state announced, 'Ready for trial.' Then the attorney for defendant, in the presence of the defendant, asked the clerk to call the defendant's witnesses, which he did, and they answered, and the defendant announced, 'Ready for trial.' The court directed the sheriff to call the names of the jurors on venire, so they could be qualified or passed on on qualification by the court, and the sheriff called one of them. After one of the jurors was brought around to be passed on, the attorneys for the defendant then" moved the court to quash the venire because the service thereof had not been had on the *defendant* himself. It was agreed between the solicitor and counsel for defendant "that an exact copy of the venire, special jurors, and regular jurors drawn and summoned for week in which case was set for trial, and an exact copy of the indictment, was served on the attorney of record for defendant. \* \* \*" Had the motion to quash, on the ground stated, been interposed *before* the announcement by defendant of readiness for trial was made, it would properly have been sustained. But its delay to the indicated stage of the proceedings waived the right to interpose that motion, and the court did not err in overruling it.

It was also moved to quash the venire on the ground "that the list of names of jurors, special and regular, is [was] not certified by the clerk, or any one else, as being a copy of the names of jurors in special venire to try

this case.  *  *  *" and also because there was no cer--
tificate "by the clerk that it is [was] a copy of special
jurors in this case." Consistent with the practice in
such cases, the omission of the certificate mentioned was
irregular. However, from the bill it appears that the
copy of the special venire and the copy of the indictment
were exact. No possible inconvenience or prejudice to
the defendant could, under those circumstances, have in-
tervened. There was no prejudicial error in denying the
motion grounded as last stated.

The testimony tending to show incriminating state-
ments made by the accused subsequent to the homicide
was properly admitted. These statements appear af-
firmatively to have been voluntarily made.

No error being shown, the judgment must be affirmed.
Affirmed. All the Justices concur.