# Haisten *v.* The State.

## *Murder.*

(Decided June 19, 1912.  59 South. 361.)

1. *Appeal and Error; Record; Review.*—Recitals of the judgment entry shown by the record on appeal control contradictory or other statements in the bill of exceptions.

2. *Jury; Venire; Service on Accused.*—"Forthwith" is a relative term, meaning usually, with all convenient despatch, and its use in section 32 of the jury law is mandatory, and a failure to make service before the day a case is set for trial is fatal, especially where the jury was drawn and the other orders made two days before.

[Haisten v. The State.]

3. *Same; Drawing; Order; Correcting Mistake.*—An order of the trial judge in a criminal case correcting a mistake in an order drawing the wrong number of jurors should be entered in the bench notes on the trial docket, and incorporated in a judgment entry.

4. *Statutes; Construction; Particular Words.*—A particular word in a statute must be construed with due regard to the connection in which it is used.

5. *Witnesses; Bias.*—Anything tending to show a bias on the part of the state's witnesses is competent, such as evidence tending to show a concert of action or conspiracy or improper influence.

APPEAL from Dale Circuit Court.

. Heard before Hon. MIKE SOLLIE.

Will Haisten was convicted of murder and he appeals. Reversed and remanded.

J. E. ACKER, O. C. DOSTER, J. E. Z. RILEY, and H. L. MARTIN, for appellant. The court erred in not quashing the venire because of the names of certain jurors therein contained, and because it was not filed or served upon the defendant until the morning of his trial, although drawn and ordered to be served forthwith two days before the trial.—*Allen v. The State,* 146 Ala. 61; Acts 1909, p. 305. The court erred in not permitting the evidence of conspiracy to be shown.—80 S. W. 557; 53 N. Y. 164; 13 Am. Rep. 492; *Williams v. The State,* 144 Ala. 18. Charge 3 should have been given.—103 Ala. 78. Charge 5 should have been given.—79 Ala. 284. Charge 6 should have been given.—168 Ala. 68.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—The transcript in this case contains many confused and contradictory statements in its different parts, and it is difficult to arrive at a satisfactory conclusion from an examination of the judgment entry, the various different venires set out in the record,

together with the orders in connection with them, and the statements contained in the bill of exceptions in connection with the numerous motions made to quash different venires, just what really did in fact take place in drawing and summoning the jury and serving copies of the jury lists. The defendant was charged with murder in the first degree, and a special venire was necessary. The judgment of the court shows only one order made for a special venire in the trial of the case to consist of 58 names, while the bill of exceptions shows that it was admitted as part of the proof, on one of the motions made to quash one of the venires, that an order had been made by the court requiring 40 names to be drawn as special jurors in the trial of the case, and that after these 40 names had been drawn and a list served on the defendant containing these names it was discovered that a mistake had been made in ordering 40 names to complete the number (100) fixed by the court to constitute the jury, as 18 of the regular jurors drawn and summoned for the week of the trial had been selected and placed on a grand jury. After the discovery of this mistake at about 8 o'clock in the evening of the same day, the court, against the objection of the defendant, changed the first order and made an order requiring 58 names to be drawn as special jurors.

These matters contradicting the judgment entry to the effect that but one order was made requiring 58 names to be drawn cannot be looked to for the purpose of showing reversible error, for, when the statements contained in the bill of exceptions conflict with the judgment entry shown in the record, the recitals of the judgment of the court will control and prevail over contradictory statements in the bill of exceptions.—*Spraggins v. State,* 139 Ala. 93, 35 South. 1000; *Butler & Stevens v. Savannah Guano Co.,* 122 Ala. 326, 25 South. 241.

This rule of construing and giving effect to conflicting statements shown by the transcript will dispose of some of the appellant's preliminary motions directed against the venires, as the judgment entry is regular and shows a strict compliance with the law in ordering and drawing the regular and special venire. Seasonable objection was made by the defendant, however, because of the failure to serve a copy of the indictment and jury lists as provided by law, and the judgment entry is silent on that subject. It shows that the special jury was ordered and drawn on the 19th day of February, 1912, and that a list of the jurors together with a copy of the indictment was at that time ordered forthwith served on the defendant. The trial of the defendant was set for the 21st day of February. The return of the sheriff showing service of a copy of the indictment and a list of the jurors shows that they were not served on the defendant until the day his case was set for trial. We gather from the proof made on the defendant's motion to quash on account of the failure to serve the copy of the indictment and list of jurors as provided by law that the defendant was required to enter upon his trial immediately, or in a very short time, after the service on him. Section 32 of the jury law (Acts 1909, p. 305) provides that, whenever any person stands indicted for a capital felony, a list of the jurors and a copy of the indictment must be "forthwith" served on the defendant by the sheriff, "and the defendant shall not be entitled to any other or further notice of the jurors summoned or drawn for his trial nor of the charge or indictment upon which he is to be tried."—Acts 1909, p. 319. The provisions of the statutes requiring the service of a copy of the indictment and jury list in capital felonies are mandatory, and a failure to comply with such statutes strictly is fatal error, for the defendant is en-

titled as a matter of right to the protection afforded by them.—*Welch v. State,* 1 Ala. App. 144, 56 South, 11; *State v. McLendon,* 1 Stew. 195; *Parsons v. State,* 22 Ala. 50; *Morgan v. State,* 48 Ala. 65; *Bain v. State,* 70 Ala. 4; *Brown v. State,* 128 Ala. 12, 29 South. 200; *Jackson v. State,* 171 Ala. 38, 55 South. 118.

The manifest object and purpose of the statute is to afford the defendant a reasonable opportunity before being put upon his trial and required to proceed with it to examine the jury lists and copy of the charge against him and prepare for trial. The present statute requires the service to be made *"forthwith."* The special jury was drawn, and the order made to serve the defendant "forthwith," as shown by the judgment entry on February 19th, but the service was not made as shown by the return of the sheriff until the second day after the order was made, and that too on the same day the case was set for trial, and the defendant was required to proceed with the trial almost immediately after the service was made upon him. Counsel for appellant contends that section 7840 of the Code requiring service "at least one entire day before the day set for his trial" is still in force and effect, and that the new jury law (Acts 1909, p. 305 et. seq.) does not repeal the section of the Code making such a requirement as to service.. We discussed this question generally in *Welch v. State,* 1 Ala. App. 144, 56 South. 11, but did not consider directly whether section 7840 of the Code was repealed by the present jury law. What we said in that case will be seen to have had reference to a defendant on bond who was evading service by secreting himself. In *Welch's Case, supra,* we held that the defendant, even though evading service, should be given "a reasonable time to examine the jury lists and copy of the charge before proceeding with the trial." In this case

the defendant was in custodia legis, and it was the duty
of the officer charged with that duty to comply with the
order of the court to serve him *forthwith* with a copy of
the indictment and jury lists.

The following definition and meaning of "forthwith"
is given by the Century Dictionary: "(2) In law, with-
out delay; as soon as the thing required may be done by
reasonable exertion confined to that object; in rules of
legal practice sometimes deemed equivalent to within
24 hours."

Black's Law Dictionary defines "forthwith" thus:
"As soon as by reasonable exertion, confined to the
object, a thing may be done. Thus, when a defendant
is ordered to plead forthwith, he must plead within 24
hours. When a statute enacts that an act is to be done
'forthwith,' it means that the act is to be done within a
reasonable time." Bouvier gives practically the same
meaning to the word.

In considering the true meaning to be placed upon it,
due regard must be had to the connection in which it is
used, and the nature of the thing to be done. "Forth-
with" may have a relative meaning and might imply a
longer or shorter period according to the connection of
its use and the nature of the requirement. Here it is
used in a mandatory statute requiring a strict construc-
tion and has reference to the performance by an officer
of the law of an official duty upon which depends ma-
terial and important rights of one accused of crime that
may be punished capitally. As thus used, the word
could not be taken to mean less than that the duty must
be performed promptly and with all convenient dis-
patch, without delay. The statute containing the re-
quirement is mandatory; the order when made under
the provisions of the statute is not less so. It does not
seem to us that even in the ordinary course of business
in the performance of important official duties it can
be said that this highly important duty imposed by a

[Haisten v. The State.]

mandatory statute is shown to have been performed as required by the order of the court, and the service of the copy of the indictment and jury lists served upon the defendant forthwith. The defendant was arraigned on Monday, February 19th, the special jury drawn and the order made by the court that the defendant should be forthwith served with the copy of the indictment and jury lists. The case was set for trial on Wednesday, February 21st. The plain object and purpose of the statute in requiring a service on the defendant of these copies is to afford him suitable and reasonable time in which to prepare his defense and get ready for trial. The service was not made on the defendant until the second day after the jury was drawn and the order entered, and then at a time when the defendant was almost immediately thereafter put upon his trial without a fair and suitable opportunity to consider the jury lists and prepare his defense after the service of copies. This was not a compliance with either the letter or spirit of the mandatory statute which the lawmakers have in their wisdom seen fit to enact for the benefit and protection of those charged with the commission of the highest crimes known to our law, and which one charged with such a crime has a right to rely upon the strict and fair compliance within the preparation of his defense when brought to the bar of justice.

The abortive attempts to serve other copies of the indictment and jury lists upon the defendant are not to be considered. Such acts were mere nullities. The record shows that the copy of the indictment and jury lists served on the defendant on the 21st of February alone met the requirements of the law, and their service alone can be relied upon. It was this list of jurors served on February 21st from which the defendant was required to strike a jury in the trial of his case.

Because of the failure to comply with the mandatory exactions of the jury law, as above discussed, this case must be reversed, and we cannot see from an examination of the transcript what benefit would accrue on another trial from a discussion of the other questions presented.

There are many points taken by counsel on the drawing and formation of the jury, and while there is no indication of it in the judgment entry, it would appear from the various venires set out in the record that irregularities in these matters as a matter of fact did exist. We do not doubt but that the mistake of the court in ordering and drawing the wrong number of names could have been corrected and cured by a proper subsequent order; but the different orders and action of the court in this respect should have been entered in the bench notes on the trial docket and incorporated in and shown by judgment entry. A fair and orderly administration of justice in the trial of criminal cases requires that the orders entered and the action taken by the court on such orders be entered of record that the defendant may be protected in the right to review that is guaranteed to him by the Constitution and statutes, and the record should speak the truth as to the steps taken by the court in the progress of the trial. It is not necessary to treat the different questions raised by the motions to quash the venires, however, as they will not occur upon another trial.

For obvious reasons we refrain from a detailed discussion of the evidence, but make the following observations on the questions presented on the evidence for the guidance of the court on another trial.

Properly framed questions seeking to elicit testimony that would tend to show a concert of action, or conspiracy, or improper influence that would have a tendency

to show a bias upon the part of the state's witnesses in giving their testimony, should be permitted. The relationship existing between the parties is generally competent for the purpose of showing interest or bias.

The charges set out in the transcript require no discussion; they may or may not figure in another trial. They present no new question, and their application to the facts of this case raise no new or unusual condition. These charges do not contain in themselves, nor in their application, any novel features, but present no more, in varying forms, than familiar propositions of the law of homicide in the different phases so often passed upon by the Supreme Court, and most of them are "copied charges" and present only the question of whether they are covered by the given charges, in all about 100 in number.

The case must be reversed for the reasons we have given in discussing a failure to comply with the mandatory requirement of the jury law, to which seasonable objection was taken and exception reserved by the defendant.

Reversed and remanded.