# Frazier *v.* The State.

## *Murder.*

(Decided February 10, 1914.   64 South. 653.)

*Jury; Summoning; Statutory Provision.*—The provisions of section 32, Acts 1909, p. 315, relating to summoning and empaneling jurors for the trial of capital felonies, are mandatory and where the record in a case of murder in the first degree fails to show a compliance with such section, a judgment of conviction following thereon will be reversed.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Man Frazier was convicted of murder in the second degree and he appeals. Reversed and remanded.

R. H. ARRINGTON, and M. A. OWENS, for appellant. The record fails to show any order for a special venire to try the defendant charged with a capital felony.— Sec. 32, Acts 1909, p. 315. The provisions of this section are mandatory, and upon a failure of the record to set out the proper orders, the judgment will be re-

versed.—*Jackson v. State*, 171 Ala. 38; *Welsh v. State*, 1 Ala. App. 144.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. Error is confessed because of a failure of the record to show the necessary orders for summoning a special jury to try the capital felony charged.

WALKER, P. J.—The indictment in this case was for murder in the first degree. The record does not show that any attempt was made by the court to comply with the requirements of section 32 of the present jury law (Acts of Ala. Sp. Sess. 1909, pp. 305, 318) applicable to the case of a person indicted for a capital felony. The record shows that the defendant was arraigned, that he pleaded not guilty, and was tried, convicted, and sentenced, all on the same day. The provisions referred to are mandatory, and the failure of the record on an appeal from a judgment of conviction in such a case to show a compliance with them requires a reversal of the judgment.—*Jackson v. State*, 171 Ala. 38, 55 South. 118; *Welch v. State*, 1 Ala. App. 144, 56 South. 11.

Reversed and remanded.