### STATE ex rel. GUNN v. ARGO.
### 6 Div. 438.

Supreme Court of Alabama.

Nov. 23, 1933.

Rehearing Denied Jan. 18, 1934.

Pennington & Tweedy and L. D. Gray, all of Jasper, for appellee.

Arthur Fite, J. J. Curtis, and R. A. Cooner, all of Jasper, for appellant.

GARDNER, Justice.

M. A. Argo was duly elected tax collector for Walker county, and has been continuously performing the duties of the office since October 1, 1931. The only surety on his official bond (in the sum of $100,000) was the Union Indemnity Company, which was placed in the hands of a receiver January 6, 1933. In a written communication to Argo,

bearing date January 20, 1933, the county commission for Walker county, calling attention to said receivership, "requested" that he "forthwith file another bond." A new bond was not accepted and approved until after the institution of these proceedings, though tendered a short time previously.

■ All other matters aside as of no controlling importance, the pivotal question in this case hinges upon the sufficiency of this notice and Argo's conduct relating thereto. Under the provisions of the Act of November 9, 1932 (Gen. Acts, Ex. Sess., 1932, p. 284), the county commission of Walker county was empowered to fix and approve the official bonds of all other county officers and employees, within certain limitations not necessary to note, and to require additional bond when the public interest so demands. But this act makes no reference to the question of removal from office upon failure to comply with such requirement, and to that end the existing statutes (sections 2662, 2663, and 2664, Code 1923) are to be looked to and followed. Statutes of this character are highly penal, and are to be strictly construed, and all substantial requirements must be observed. Caskey v. State, 6 Ala. 193; Bettis v. Taylor, 8 Port. 564; 46 Corpus Juris 982.

Under section 2663, Code, supra, the requisition for an additional bond must, among other requirements, "state the day and place when and where the officer cited must appear and give such bond." In the succeeding section, it is provided that such officer "must give such additional bond within fifteen days after the day specified in such requisition; and failing to do so, he vacates his office."

■ Clearly the matter of time is of the very essence of the statute, and it is expressly provided that the requisition "state the day." The notice served on respondent did not state the day, but used the word "forthwith" which may have a relative meaning, implying a shorter or longer period according to the connection of its use and the nature of the requirement. Haisten v. State, 5 Ala. App. 56, 59 So. 361.

The argument is made that, if the notice did not require the immediate execution of an additional bond, then, certainly, such was the requirement within a reasonable time, which may be determined as a matter of law, no conflict in the proof appearing.

But this very contention discloses the word "forthwith" is one of relative meaning, and lacking in definiteness and certainty as to the matter of time involved. No such uncertainty should exist in so highly a penal statute, where the official life of the citizen is at stake, and the lawmakers, in order to avoid any question of time, with care and precision stipulated that the requisition "state the day and place when and where the officer cited must appear and give bond."

The officer is then required to give such additional bond "within fifteen days after the day specified." (Italics supplied.)

It is too clear for further discussion that the word "forthwith" does not meet the requirement of the statute. Indeed, the case of Caskey v. State, 6 Ala. 193, where an analogous statute was under construction, fully illustrates the insufficiency of the notice here involved, and, in principle, is decisive of this feature of the case adversely to petitioner.

■ But it is further urged that respondent, by subsequently discussing the matter of a new bond with the county commission, waived any defect in the requisition, and the case of Bromberg v. Fidelity & Deposit Co., 139 Ala. 338, 36 So. 622, is cited as supporting this view.

But the cases are entirely different as we think sufficiently appears from a reading of the first headnote where the court's ruling in this regard is correctly summarized as follows: "Bond of tax collector; when surety can not question sufficiency of notice for new bond.—Even though a notice issued by a probate judge to a tax collector, requiring him to give an additional bond was insufficient, and not such as the statute required, yet, if the tax collector, without objecting to such notice, comes forward and gives the additional bond as directed by said notice and acts under said bond, the surety on said bond can not be heard to subsequently object to the insufficiency of the notice."

And like reasoning would apply as to the binding force of the bond which was in fact given by respondent here, and finally accepted by the county commission, though approved long after the expiration of the fifteen days specified in the statute. See, also, State ex rel. Harris v. Tucker, 54 Ala. 205, where a somewhat similar question was discussed.

But to say the respondent in the instant case had waived a vital requirement of the statute so as to forfeit his office, would be to hold contrary to his every action. He is held to a knowledge of the law which gave him notice that the county commission had the power to demand an additional bond, and the commission could readily resort to the statute and observe its requirements if the forfeiture of his office was desired. But he must also be held to know that, before the highly penal statute, above noted, is to be invoked, there were certain requirements to be observed, and that the notice given, more in the nature of a mere request than a demand or requisition, did not pretend to comply therewith. The notice named no amount as to the penalty of the bond, and the utmost that may be said in that regard is that the amount of the old bond ($100,000) was intended. Four days after receipt of the notice in discussing the matter of the

additional bond, the county commission raised the amount of the bond to $168,000, to use round numbers, and thereafter in May, 1933, reduced this sum to $109,000, which is the amount of the bond finally accepted. A mere discussion by repondent of the matter of an additional bond cannot, under these circumstances, be held to indicate a waiver of statutory requirements involving the vacation of the office to which he had been elected.

In the meanwhile a bank depositary had been selected under the Act of March 10, 1933. Gen. Acts, Ex. Sess., 1933, p. 51. And as to the amount of the bond, the county commission was attempting to comply with section 9 of the Act of November 9, 1932. Gen. Acts, Ex. Sess., 1932, pp. 284, 285.

It would appear, therefore, that at the first conversation, the amount of the required bond was increased something more than $68,000 from the original.

Nor was there any abandonment of his office by respondent. That he has remained in active charge all the while is undisputed, and that he has had no intention to surrender it is equally clear from this record. True, he appears to have been advised that a vacancy had been declared (the probate judge had so certified to the Governor), and that he had been appointed. He so stated in a request to the commission of March 13, 1933, for the selection of a depositary. But a willingness to accept such appointment disclosed no intention to abandon his office. Speaking to a similar question in Bruner v. Bryan, 50 Ala. 522, the court said: "Bryan's acceptance of a commission of appointment from the governor cannot be construed into a resignation of his right to the office under his election. It is more indicative of a determination not to abandon it." And the New Jersey court in Koven v. Stanley, 84 N. J. Law, 446, 87 A. 89, 90, said, "Acting under a void appointment was not incompatible with acting under a valid election." See, also, 46 Corpus Juris 980, 981.

Rather than disclosing an abandonment of his office, this record conclusively shows respondent was tenaciously holding on to it and endeavoring in every manner possible to remove any obstacle to a clear title thereto. The receivership of the surety on respondent's original bond did not operate as an automatic vacation of the office. To that end the above-noted statute, or possibly some judicial proceeding, was necessary. Head v. Hood, 214 Ala. 353, 107 So. 854.

The notice given respondent was fatally defective, if, indeed, it was intended as a compliance with this statute. We conclude no waiver of its essential details appears. Nor has there been any abandonment of the office.

The court below correctly gave the affirmative charge duly requested by respondent, and the judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.