# Howell *v.* The State.

*Indictment for Assault and Battery.*

1. *Self-defense.*—When two persons meet together, mutually use insulting words, and then fight willingly, or by mutual consent, it is immaterial which commenced the quarrel, and neither can set up the plea of self-defense; nor can he who provoked the quarrel set up that defense, being regarded as the aggressor, although he afterwards fought unwillingly; but he who is not the aggressor, merely using abusive words in reply to such words, and not fighting willingly, may protect himself from assault and injury, by opposing force with force so far as may be necessary.

FROM the Circuit Court of Shelby.

Tried before the Hon. S. H. SPROTT.

The defendant in this case was indicted for an assault and battery on one H. A. Davis, and was tried on issue joined on the plea of not guilty. On the trial, as the bill of exceptions states, the State introduced evidence " tending to show that, in the '*Coalings*' in Shelby county, within twelve months before the finding of the indictment, the defendant and said Davis met; that Davis said, 'who is going to fill this hearth?' to which defendant replied, that he was, and that Mr. Nelson had sent him to do it; that Davis said, ' You are a grand liar,' and defendant, ' You are another;' that each repeated several times the words 'You are another,' when Davis picked up a stick, and defendant started towards a pile of rocks, as if to get one, but stopped, and picked up a stick of wood; that Davis advanced towards defendant, and struck him, and defendant struck him with the stick of wood, and then both parties clinched and fought for some time. The defendant testified to the same facts, except that he said the hearth belonged to Mr. Nelson, and that Mr. Nelson had sent him to fill it; and he offered to prove by said Nelson that he had employed him to fill the hearth," and duly excepted to the exclusion of Nelson's testimony as offered. " This was all the evidence, and the

[Howell v. The State.]

court thereupon charged the jury, that when two persons meet and quarrel, and bandy opprobrious or insulting words, giving each other the lie, and a fight ensues, neither can set up the plea of self-defense; and if such was the evidence in this case, it would make no difference whether Mr. Nelson sent the defendant there or not." The court charged the jury, also, "that if Davis called the defendant a liar, and the defendant called him another, and they quarrelled, and a fight followed; then the defendant is guilty as charged, although Davis may have called him a liar first, and may have struck first; and the defendant can not, under these facts, plead self-defense." The defendant excepted to each of these charges as given, and also to the refusal of each of the following charges, which were asked by him in writing: (1.) "If the jury believe, from the evidence, that the defendant struck Davis after Davis had struck him, then he was justified, no matter if the lie had passed between them." (2.) "If the jury believe, from the evidence, that the defendant was rightfully upon the place where the difficulty occurred, and was attacked by Davis while there; then defendant was authorized by law to repel force by force, and to protect himself against any assault which he did not himself bring about." (3.) "If the jury believe, from the evidence, that Davis assaulted the defendant while the latter was rightfully at the place where the difficulty occurred; then, although the defendant may have called Davis a liar, he was authorized by law to repel any force that might have been used by Davis, provided he did not enter willingly into the difficulty, and provided further he did not make the first assault." These are the only rulings to which exceptions were reserved.

   . Thos. N. McClellan, Attorney-General, for the State.

SOMERVILLE, J.—It is true that, where two persons meet together, and quarrel by bandying opprobrious or insulting words, and then fight each other willingly, or by mutual consent, it is immaterial which of them commenced the quarrel, for neither can set up the plea of self-defense. If the place of the fighting be public, each would be guilty of an affray; if private, of an assault and battery.

So, the combatant who provokes a difficulty, by using the first words of insult, or otherwise, being regarded as the aggressor, can not plead that he afterwards struck in self-defense, whether he fought willingly or unwillingly. But not so with the one who merely answers one verbal insult or abusive epithet with another. This does not deprive him of the privilege of afterwards defending himself without being amenable to the law, provided he did not fight willingly, or by his volun-

[Forcheimer & Co. v. Kaver.]

tary consent. Not being the author or originator of the difficulty, he may still protect his person from assault and injury, by opposing force to force so far as may be necessary, taking care that he uses no more violence than is requisite to repel the attack upon him ; in other words, that his defense does not degenerate into aggression.

The rulings of the court not being in harmony with this view of the law, the judgment must be reversed, and the cause remanded.