# Norris *v.* The State.

*Indictment for Assault with Intent to Ravish.*

1. *Constituents of offense.*—Force is an essential ingredient of the crime of rape, and an intent to use force, if necessary, is essential to an assault with intent to ravish (Code, § 3751); yet, where it is shown that the defendant put his arms around the prosecutrix, forcibly held and pressed her, making indecent proposals, and only released her on her threats to call assistance, this is sufficient to support a conviction, although he may have had no intention to commit a battery on her.

. 2. *Charge as to weight or effect of evidence.*—It is the exclusive province of the jury to reconcile the testimony of the different witnesses, if possible, or, if irreconcilable, to determine whom they will believe, or what credit they will give to a witness who is contradicted or impeached; and a charge which institutes a comparison between the weight and force of the testimony of different witnesses, equally credible and having equal opportunities for knowing the facts, is properly refused, as tending to confuse and mislead the jury, and invading their peculiar province.

3. *Charge as to testimony of defendant.*—When the defendant in a criminal case has testified in his own behalf, a charge instructing the jury that "the interest he has in the case may be considered by them in weighing his own evidence" is not erroneous.

FROM the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

The indictment in this case was found in February, 1882, and charged that the defendant, J. Taylor Norris, forcibly assaulted Mrs. Sallie Rodgers, a married woman, with the intent to ravish her. The trial was had in March, 1889, on issue joined on the plea of not guilty; the defendant being found guilty of an assault, and fined $225. The prosecutrix testified positively that, on a specified day in January, 1882, the defendant came to her house during her husband's absence, "put his arms around her, forcibly held and pressed

[Norris v. The State.]

her, and only released her on her threats to call assistance,"
and that she made complaint to her husband, on his return
in the evening; and her husband corroborated her as to the
complaint made. The defendant, testifying for himself, de-
nied that he made any assault on the prosecutrix, and said
that he only went to the house for the purpose of getting a
bridle, which she brought out to him; and his testimony was
corroborated, in some particulars, by one George Miller,
who was with him a part of the time. The bill of excep-
tions purports to set out "all the testimony," but a full
statement of it is not necessary to an understanding of the
points here decided.

The court charged the jury, on request of the solicitor,
"that the interest the defendant has in the case may be con-
sidered by them in weighing his own evidence." The de-
fendant excepted to this charge as given, and he also excepted
to the refusal of each of the following charges, which were
asked by him in writing: (1.) "If the jury believe from
the evidence that the defendant had no intention to commit
a battery on Mrs. Rodgers, then there was no assault, and
the defendant must be acquitted." (2.) "The burden is on
the State to establish the guilt of the defendant beyond a
reasonable doubt; and if the prosecutrix is the only witness
on behalf of the State, testifying to the charge; and if the
defendant and George Miller testified, on behalf of the
defendant, that the offense was not committed; and if the
jury find from the evidence that each witness is equally
credible, and their opportunities of knowing the facts are
equal, then the State has not made out its case, and the
defendant should be acquitted." (3.) "If the prosecutrix
testifies to the assault, the fact that the defendant was in
proximity to the place where, as she alleges, the offense was
committed, does not make him guilty of anything—the law
does not recognize any such absurdity." (3.) "If the jury
believe from the evidence that the defendant did put his arm
around the neck of the prosecutrix, but the proof does not
show more, there is an absence of that intent which must be
shown to justify a conviction." (4.) "In considering the
testimony of the prosecutrix, and of her husband as corrobora-
tive testimony, to whom she testified that she complained,
the jury may consider whether the offense testified to by her
is the same of which she complained to him, and whether it
is the same with which he is now charged; and it is the duty
of the jury to reconcile the statements of these two witnesses,

[Norris v. The State.]

if they can; and if they can not upon a consideration of the whole testimony, and have a reasonable doubt as to the defendant's guilt, they must acquit him."

LAWRENCE COOPER, JNO. D. BRANDON, and L. W. DAY, for the appellant, cited *Lawson v. State*, 30 Ala. 54; *Johnson v. State*, 35 Ala. 363; *Gray v. State*, 63 Ala. 66; *Lane v. State*, 85 Ala. 11; *Wharton v. State*, 73 Ala. 366.

W. L. MARTIN, Attorney-General, and D. D. SHELBY, for the State.

CLOPTON, J.— When the charges requested by the defendant are referred to the evidence, we discover no error in the refusal of the court to give them.

The indictment charges the offense of assault with intent to ravish. Defendant asked the court to instruct the jury, if they believed from the evidence there was no intention to commit a battery, then there was no assault, and he must be acquitted. Generally, to constitute an assault, a battery must be attempted, intended, or threatened—the commencement of an act, which, if not prevented, would produce a battery. As force is an essential constituent of the crime of rape, the intent to use force, if necessary to consummate the carnal connection, is essential to a conviction of assault with intent to ravish. But in this offense the force may be actual or constructive.—*McQuirk v. State*, 84 Ala. 435. Though there may be no intention in fact to apply actual force to the person, the offense of rape is complete, when unlawful intercourse is accomplished by overcoming resistance, and procuring submission on the part of the woman, by means of threats, or otherwise exciting fears of bodily harm; and in such case, should the accomplishment of the purpose be prevented by extraneous causes, there is an assault with intent to ravish.

Defendant was convicted of an assault merely. The verdict of the jury is explainable only on the theory, that they believed the testimony of the prosecutrix as to the conduct and acts of the defendant at the time of the alleged offense, but found that his intent was to induce consent by taking indecent liberties with her person, and not to compel acquiescence by force. If her testimony be true, defendant, without any indication of willingness or inclination on her part, put his arms around her, held and forcibly

[Norris v. The State.]

pressed her, and only released her on threats to call assistance. Imposition of his arms on her person, and holding and pressing her against her will, is, in legal contemplation, force, though there may have been no intention to hurt—unquestionably an assault and battery.—*Goodman v. State*, 60 Ga. 509. In the absence of proof of justification or excuse, the law implies the criminal intent, when the act is unlawful in itself. The charge requested by the defendant would have imported to the jury, when referred to the evidence, that it was incumbent on the State to make proof of intention to commit a battery, other than the presumption arising from its actual and intentional commission.

The other charges asked by defendant required the court to instruct the jury as to the sufficiency of the evidence. The reconcilability of the testimony of different witnesses, or, if irreconcilable, what witness they will believe, or what credit shall be given to a witness who is impeached by proof of contradictory or inconsistent statements, are questions exclusively in the province of the jury. And we have uniformly disapproved charges, which institute a comparison between the weight and force of the testimony of different witnesses, who may be regarded as equally credible, and as having equal opportunities of knowing the facts.—*Ala. Fert. Co. v. Reynolds*, 85 Ala. 19.

The defendant having placed himself in the position of a witness at his own request, he subjected himself, as to determining what credit was due to his evidence, to all the considerations applicable in cases of other witnesses, who sustain a close relation to the party calling them, or who have an interest in the result of the suit.—*Clarke v. State, ante*, 71. It was competent for the court to instruct the jury, that in weighing the evidence of defendant, they could consider his interest in the case. In *Allen v. State*, at this term, in reference to a charge on this subject, it is said: "The court should not have gone further in this connection, than to instruct the jury that, in determining the weight they would give to the defendant's testimony, they should consider, along with all other circumstances having any bearing on the matter, the fact that he was the defendant." The charge in that case was declared erroneous, because it went further, and authorized the jury to disregard the defendant's testimony, for the reasons only that he was the defendant, and was contradicted by other witnesses. The credence to be given to his testimony should be left to the jury, unembar-

[Adams v. The State.]

rassed by direct or indirect instructions from the court bearing on its sufficiency. The charge in this case does not violate this rule.

Affirmed.

*Indictment for Assault with Intent to Murder.*