# CASES

IN THE

# SUPREME COURT OF ALABAMA

### NOVEMBER TERM 1909-1910

## Tucker *v.* The State.

*Seduction.*

(Decided April 21st. 1910. 52 South. 464.)

1. *Seduction; Evidence; Complaint of Prosecutrix.*—Whether or not the prosecutrix made immediate complaint is immaterial in a prosecution for seduction.

2. *Appeal and Error; Argument of Counsel; Invasion of Right.*— Where counsel, in criticizing the testimony of a witness, did not exceed the bounds of legitimate argument, it was error for the court to instruct the jury not to regard that portion of the argument of counsel for accused wherein he criticised the evidence of a certain witness, since it is the constitutional right of all accused of crime to be heard by counsel.

3. *Same; Necessity of Reserving Exceptions.*—Where no exception was reserved in the trial court to an oral instruction directing the jury that they must consider the interest of accused in the case in weighing his testimony, if it was error it is unavailing on appeal.

4. *Charge of Court; Invading Jury's Province.*—An instruction that the jury may weigh the testimony of the accused in the light of his interest in the result of the verdict is proper, but it is an invasion of the province of the jury to instruct that they must do so.

5. *Same; Directing Verdict.*—The general affirmative charge is properly refused where there is any evidence upon which the jury is authorized to base a verdict of guilty, in a criminal prosecution.

APPEAL from Shelby Circuit Court.

Heard before Hon. A. H. ALSTON.

S. Berry Tucker was convicted of seduction and he appeals. Reversed and remanded.

SAMUEL HENDERSON, for appellant. The court erred in refusing to permit the defendant to show that the

prosecutrix did not make immediate complaint.—*Smith v. The State,* 47 Ala. 540; Mayfield, Vol. 1, p. 760. The court erred in instructing the jury to disregard argument of counsel criticizing testimony of witness.— *Cross v. The State,* 68 Ala. 476; *Pruitt v. The State,* 9 South. 406. The court erred in its oral charge to the jury.—*Toole v. The State,* 88 Ala. 158; *Minge v. The State,* 73 Ala. 1. The defendant was entitled to the affirmative charge.—*Wilson's Case,* 73 Ala. 532; *Andersons Case,* 16 South. 108; *Halls Case,* 134 Ala. 119.

ALEXANDER M. GARBER, Attorney General, for the State. Counsel discusses the assignments of error and concludes that the court was justified in the action taken at the trial and complained of. As to the affirmative charge counsel cites *Halls Case,* 134 Ala. 90.

DOWDELL, C. J.—The appellant was indicted and tried for the seduction of one Pauline Gibson, an unmarried woman. On the trial the said Pauline was examined as a witness on behalf of the state. She denied yielding her consent to sexual intercourse with the defendant, and testified that the intercourse was accomplished by force and against her will. The court refused, on the objection of the solicitor, to permit the defendant to ask this witness "if she complained to any one of the defendant's conduct toward her."

In prosecution for rape, the fact that immediate complaint by the person assaulted was or was not made is admissible evidence.—Mayfield's Dig. vol. 1, p. 760, § 44 et seq. This rule, however, is not applicable in prosecutions for seduction, where consent to the intercourse constitutes an element of the crime.

In criticising the evidence of the witness Foust, counsel for the defendant did not exceed the bounds of legit-

[Tucker v. The State.]

imate argument in addressing the jury.—*Cross v.. State*, 68 Ala. 476. The court, therefore, in its oral charge, committed error in instructing the jury to dis-- regard that part of counsel's argument. It is a consti- tutional right for one charged with a criminal offense to be heard by counsel.

It was an invasion of the province of the jury for the court in its oral charge to instruct them that in weighing the testimony of the defendant they "must" consider his interest in the case. It is proper to in- struct the jury that they "may" do so, but not that they "must" do so. However, the record fails to show that any exception was reserved to this part of the oral charge, though insisted on in argument here by counsel for appellant. This error, without exception reserved,. is unavailing on appeal.

There was some evidence of arts and flattery em- ployed by the defendant to seduce, and also evidence from which the jury might have inferred the willingness. and consent of the prosecutrix, and. of her yielding to the flattery, etc., notwithstanding her denial of con- sent, and consequently the general charge requested by the defendant was properly refused.

For the errors indicated, the judgment must be re- versed, and the cause remanded.

Reversed and remanded.

ANDERSON, SAYRE, and EVANS, JJ., concur.