# Roberson *v.* The State.

## *Murder.*

(Decided February 8, 1912.  57 South. 829.)

1. *Homicide; Verdict; Finding Degree.*—A conviction for murder cannot stand unless the verdict expressly finds the degree of the crime of murder.   (Sec. 7087, Code 1907.)   This is not necessary where the conviction is of manslaughter.

2. *Same; Instructions; Self-Defense.*—Instructions on self-defense not hypothecated on an honest and reasonable belief of imminent danger and the necessity to kill, held by accused, are properly refused.

3. *Witnesses; Opinion; Character of Decedent.*—A witness is entitled to give his opinion of the character of a decedent in his own language, especially where it appeared to be based in part upon the estimate of such character in decedent's neighborhood; and hence, was entitled to state that decedent was of a violent character, although he had never heard anyone else expressly state that such was his character.

4. *Charge of Court; Reasonable Doubt.*—A charge asserting that if one single fact was proved to the satisfaction of the jury, which is inconsistent with the guilt of defendant, it is sufficient to raise a reasonable doubt requiring acquittal should have been given.

5. *Same; Undue Prominence.*—A charge asserting that the jury should consider that defendant was interested in the result and that if he was convicted, he would be punished, singled out for comment a particular matter affecting the credibility of the defendant as a witness, and was improper.

6. *Appeal and Error; Transcript.*—It is suggested by the court that red ink should not be used in the preparation of transcript although it may be said to have a certain element of barbaric beauty and notwithstanding the transcript is prepared in a murder case.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Bart Roberson was convicted of murder, and he appeals. Reversed and remanded.

The rulings as to the evidence sufficiently appear from the opinion of the court.

The following charges were refused to the defendant: (C) "I charge you, gentlemen of the jury, that if there is one single fact proved to the satisfaction of the jury which is inconsistent with defendant's guilt, this is sufficient to raise a reasonable doubt, and the jury should acquit." (7) "If the defendant was without fault in bringing on the difficulty, and was in imminent peril, or reasonably appeared to be, of loss of life, or of suffering great bodily harm, and if he could not retreat and avoid the combat in safety to himself, then he had the right to defend himself against an attack made on him by the deceased, even to the taking of his life, if it reasonably appeared to the defendant under all the circumstances to be necessary." (F) "The court charges the jury that if the defendant was without fault in bringing on the difficulty, and if at the time of the homicide there appeared, so apparently as to lead a reasonable man to the belief that it actually existed, a present, impending, and imperious necessity in order to save his own life, or in order to save himself from fatal bodily harm, to kill the deceased, then he had a right to shoot the deceased, and the jury must acquit him, on the grounds of self-defense."

In his oral charge to the jury the court said: "The defendant was examined in his own behalf. You should weigh and pass on his evidence, as you do that of the other witnesses in the case; but in so doing you should take into consideration that he is the defendant, and interested in the result of the case; that if he is convicted he will suffer the punishment fixed by the jury, and if he is acquitted he goes free, and has no punishment to suffer."

E. B. & K. V. FITE, and A. H. CARMICHAEL, for appellant. The court should have quashed the venire on motion.—*Jackson v. The State,* 55 South. 118; Sec. 32, Acts 1909, p. 319. The court erred in permitting the witness to state that Bart Roberson tried to get him to kill his father and gave him some whisky. Counsel discuss other errors relative to evidence, but without citation of authority. The court erred in its oral charge relative to the consideration of the defendant's testimony.—*Tucker v. The State,* 161 Ala. 1; *Mills v. The State,* 55 South. 331; *Gainor v. L. & N.,* 136 Ala. 244. Counsel discuss other portions of the court's oral charge, but without further citation of authority. Charge G should have been given.—*Gaston v. The State,* 161 Ala. 37. Charge J should have been given.—*Leonard v. The State,* 150 Ala. 89; *Hale v. The State,* 122 Ala. 89. *Hale v. The State,* 122 Ala. 89. Charge F should have been given.—*Gaston v. The State, supra; Watkins v. The State,* 133 Ala. 88. Charge C should have been given.—*Simmons v. The State,* 158 Ala. 8; *Walker v. The State,* 153 Ala. 31.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

SAYRE, J.—Appellant was indicted for murder in the first degree. The jury returned a verdict in the following form: "We, the jury, find the defendant guilty as charged in the indictment, and fix his punishment at imprisonment in the state's penitentiary for life." For many years the law has required of this court in the consideration of criminal appeals that it "must consider all questions apparent on the record or reserved by bill of exceptions, and must render such judgment as the law demands."—Code, § 6264. For many years, also, the statute of this state has required that, "when the jury find the defendant guilty under an indictment for murder, they must ascertain, by their verdict, whether it is murder in the first or second degree."—Code, § 7087. And the further provision is that, "if the defendant on arraignment confesses his guilt, the court must proceed to determine the degree of the crime, by the verdict of a jury, upon an examination of the testimony, and pass sentence accordingly."—Ib. The reason for this is found in the fact that the statute, for the purpose of adjusting the punishment, makes murders at the common law of a certain class, murders in the first degree, and all others murders in the second degree, affixing different punishments to the different degrees.—*Watkins v. State,* 133 Ala. 88, 32 South. 627. And this court, in the observance of these statutory requirements, has frequently and uniformly held that no judgment of conviction, under an indictment for murder, can be sustained, unless the verdict of the jury expressly finds the degree of the crime of which the defendant is convicted.—*Storey v. State,* 71 Ala. 329, and cases there cited; *Fuller v. State,* 110 Ala. 655, 20 South. 1020. But where the conviction is of manslaughter the statute makes no such requirement.—*Watkins v. State, supra.* The trial court clearly and correctly stated this law to the jury in its charge, but must have

overlooked it when receiving the verdict. Under the statute and the decisions the judgment of conviction in this case is fatally defective and must be reversed.

It having become proper under the circumstances of the case to prove the character of the deceased for peace and quiet or for turbulence and violence, Kite Scott, a witness for the defendant, after he had testified that he had lived for a number of years in the same neighborhood with deceased, that he knew the character of the deceased, and that his character was that of a violent, turbulent man, when drinking, on cross-examination, in answer to the solicitor's question, "Who did you hear say that": "I don't know as any one ever said them very words. He was suffered to be. I called him that kind of a man. I didn't know what they called him." Further, he said that he was not basing his judgment on what people said. Thereupon, on motion of the solicitor, the court excluded all the witness had said relative to the character of deceased, and to this action of the court there was exception. The defendant was entitled to the benefit of the witness' opinion as to the character of deceased. One may form a valuable opinion of the character of another without hearing any specific discussion or mention of that character.—*Hadjo v. Gooden,* 13 Ala. 718; *Dave v. State,* 22 Ala. 23. We learn a man's general reputation and character from the bearing of his neighbors and acquaintances towards him. Their attitude unconsciously reflects their opinion, though nothing be said. To this, in forming a competent opinion as to character, a witness may add his own knowledge. In this case the opinion of the witness appears to have been based in part at least upon the estimate of the neighbors of deceased, and should have gone to the jury. There were, however, a number of witnesses who testified to the violent and turbulent character of the deceased, when drinking; indeed, that ques-

tion was not contested in the evidence, and it may be that on the state of the record thus shown we would not consider the particular bit of evidence in question of such importance as that error in its rejection, standing alone, would require a reversal.

The court erred in refusing charge C requested by defendant. This court has held that the charge ought to be given.—*Simmons v. State,* 158 Ala. 8, 48 South. 606; *Walker v. State,* 153 Ala. 31, 45 South. 640.

Charges 7 and F were properly refused because they omitted the postulate, necessary to an acquittal on the ground of self-defense, that the belief of imminent danger and necessity to kill must be honestly entertained by the defendant, as well as be reasonable.—*Griffin v. State,* 165 Ala. 29, 50 South. 962. "The law requires that such belief must be reasonable and honestly entertained."—*Jackson v. State,* 78 Ala. 471, *Gaston v. State,* 161 Ala. 37, 49 South. 876, wherein it differs, is not to be followed. The charge of somewhat similar import, condemned in *Watkins v. State, supra,* was open to more than one objection. The court, having stated one sufficient objection, did not think it worth while to state others.

As to that part of the court's oral charge which singled out for comment defendant's interest in the result of the prosecution as affecting his credibility, see *Tucker v. State,* 167 Ala. 1, 52 South. 464.

This transcript of 67 pages is lettered throughout in red ink. It may be considered to have a certain element of barbaric beauty in it; but to the judicial eye it is distasteful and discomforting, if not positively harmful. We would suggest that the taste for bright color be not indulged in the preparation of transcripts to be studied in this court.

Reversed and remanded. All the Justices concur.