# Swain *v.* The State.

## *Murder.*

(Decided June 3, 1913. Rehearing denied June 19, 1913. 62 South. 446.)

1. *Indictment and Information; Objection; Sufficiency.*—Under section 7572, Code 1907, and Acts 1909, p. 315, section 23, an objection to an indictment on the ground that the grand jurors were not drawn in the presence of the proper officers, must be raised by a plea in abatement and cannot be raised by motion to quash.

2. *Same; Caption.*—Under section 7131, Code 1907, the caption of an indictment is not the mere marginal statement usual in such an instrument, but is an entry of a record showing the organization of the court, when and where held, and the name of the jurors.

3. *Same; Sufficiency; Signature.*—Where the record shows that David Hester was foreman of the grand jury which returned the

[Swain v. The State.]

indictment, an indictment signed by D. M. Hester, as foreman, is not subject to motion to quash, where it appeared that David Hester and D. M. Hester were one and the same person.

4. *Same; Description of Deceased.*—An indictment describing the deceased as John Elmore, alias alias John Elmore, Dutch John, is not defective for failing to allege that any of the names mentioned was deceased's true name or that his true name was unknown to the grand jury.

5. *Same; Service.*—The return of the sheriff being conclusive until impeached, a motion to quash the venire on the ground that a correct copy was not served on defendant, was properly refused where the record in no way tended to show that the copy served was not the correct copy.

6. *Jury; List; Service.*—Under Acts 1909, p. 319, section 32, a service upon defendant of the jury list and indictment four days before the day set for his trial is sufficient as giving defendant and his counsel ample opportunity for preparation.

7. *Appeal and Error; Harmless Error; Evidence.*—Where the answer of a witness to a question calling for a conclusion was entirely unobjectionable, and was not objected to, any error in overruling an objection to the question itself was harmless.

8. *Same.*—Where defendant himself testified to the same fact, he cannot complain of the admission of such testimony from other witnesses.

9. *Same; Review; Objection.*—Where the court instructed that accused could testify for himself, but that his evidence should be weighed in the light of the fact that he was the defendant, and given such weight as the jury saw fit, a general exception to the whole charge is not sufficient to warrant a review, on appeal, of this particular portion thereof, as it was the duty of defendant to point out the particular erroneous portion.

10. *Homicide Evidence.*—Testimony that at the time of the fatal difficulty, the deceased looked like a drunken man, was not inadmissible as a conclusion.

11. *Charge of Court; Invading Province of Jury.*—A charge asserting that the jury must weigh defendant's evidence in the light of the fact that he is the defendant, is an improper invasion of the province of the jury.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

John Swain, alias, was convicted of murder, and he appeals. Affirmed.

ACUFF & FINCH, for appellant. No sufficient service of the indictment on defendant is shown.—*Welsh v. State,* 56 South.. 11. The deceased is not properly de-

scribed.—*Wilson v. State,* 127 Ala. 17. The record fails to show that the grand jurors who found the indictment were drawn in the presence of the proper officers, or that it was found at any term of the court.—*Spivey v. The State,* 56 South. 376; *Berry v. The State,* 65 Ala. 117; Sec. 7131, Code 1907. The indictment was not properly signed by the foreman.—*Whitley v. The State,* 166 Ala. 42. It is error to permit it to be shown that deceased looked like a drunk man.—*May v. State,* 52 South. 602. The court was in error in its oral charge. —*Tucker v. State,* 167 Ala. 1; *Robertson v. State,* 57 South. 829.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—The defendant was indicted and convicted of murder. The first error insisted upon is that the trial court erred in overruling a motion to quash the indictment and in overruling demurrers filed thereto; the grounds (16 in all) of this motion and of the demurers filed after the motion was overruled being exactly the same. We will discuss, however, only those grounds urged in brief. The first of these is that the record does not affirmatively show that the grand jurors were drawn in the presence of the officers designated by law.

The minutes of the organization of the court recite expressly, in this particular, that all the jurors "had been regularly drawn according to law"; and, if so, they were certainly drawn "in the presence of the officers designated by law." If in fact they were not, the question would have to be raised by a plea in abatement, and could not be raised, as here attempted, either by a motion to quash or a demurrer to the indictment.

—*Spivey v. State,* 172 Ala. 393, 56 South. 232; Code, § 7572; Acts 1909, p. 315, § 23.

The next ground of the demurrer and motion that is insisted upon is that the indictment does not show at what term of the court it was found, which ground is predicated upon section 7131 of the Code, providing that "an indictment must contain, in the caption or body thereof, the name of the state, county, court, and term in and at which it is preferred," etc. The caption of an indictment is not the mere marginal statement of the state, county, court, term, etc., usually found at the head of an indictment, but is that entry of record which shows the organization of the court, when and where held, the names of jurors, etc., and which is a part of every indictment.—1 Mayf. Dig. p. 425; *Gater v. State,* 141 Ala. 10, 37 South. 692; *Collins v. State,* 3 Ala. App. 68, 58 South. 80; *Thornton v. State,* 4 Ala. App. 205, 59 South. 234. An examination of this entry, together with the indictment and indorsement thereon, leaves no doubt that the contention of defendant is without merit, and that the indictment was found at the spring term, 1912, of said court.—Authorities supra.

The next ground of the motion insisted upon is that the indictment was indorsed "a true bill" and signed "D. M. Hester, Foreman," when the record shows that David Hester was the foreman of the grand jury. The court, after proper proof by the state that D. M. Hester and David Hester was one and the same person, certainly committed no error in overruling the motion.

The person alleged to have been murdered is described in the indictment, as set out in the record, as "John Elmore, alias John Elmore, alias Dutch John"; and it is objected that the indictment is therefore defective because it fails to allege that either of the names mentioned was the person's true name, or that his true

name was to the grand jury unknown. Neither of the authorities cited by appellant supports the contention made, but, on the contrary, the following amply sustain the validity of the indictment in this particular: *Falkner v. State,* 151 Ala. 77, 44 South. 409; *Haley v. State,* 63 Ala. 91; 138 Ala. 104, 35 South. 53, 100 Am. St. Rep. 22.

We likewise find no merit in any of the other grounds of the motion to quash the indictment or of the demurrer thereto; but, as they are not urged in brief, we deem them not of sufficient importance to require a discussion by us.

The defendant also moved, upon numerous grounds, to quash the venire served upon him; but only one of these grounds is here insisted upon, and that is that the paper served on defendant by the sheriff, purporting to be a copy of the indictment, was not a correct copy of the indictment. It is sufficient to say, in this connection, without further consideration, that the sheriff's return found in the record here affirmatively states he served a copy of the indictment on defendant one entire day before the day set for the trial of the case. The return of the sheriff is conclusive, until impeached; and there is not a line of proof in the record anywhere from any source tending in any way to sustain the ground of the motion that the copy so served on defendant was not a correct copy of the indictment.

It is likewise insisted that a correct copy of the jury lists was not served on defendant. The sheriff's return recites to the contrary, and we find nothing in the record to impeach it. The defendant was arraigned on April 15th, and the trial was set for April 23d, while the defendant was served with a copy of the jury lists and of the indictment on April 19th. It is here urged that this was not a service "forthwith" as required by

the jury law.—Acts Sp. Sess. 1909, p. 319, § 32. It was a service four days before the trial, and fully met, we think, the spirit and purpose of the statute, in that it gave the defendant and his counsel abundant time and ample opportunity, before the trial, to fully examine the indictment and jury lists, prepare his defense, and determine on a choice of jurors.—*Welch v. State,* 1 Ala. App. 144, 56 South. 11; *Haisten v. State,* 5 Ala. App. 56, 59 South. 361.

The solicitor asked one of the state's witnesses the following question: "If the man that was shot had his hand in his right-hand hip pocket all the time he followed defendant, could you have seen him?" Defendant objected to the question, which objection was overruled. Assuming that the court erred in this ruling, because the question called for a conclusion of the witness (*Hammond v. State,* 147 Ala. 89, 41 South. 761), there was certainly no injury; since the witness' answer was not only entirely unobjectionable, but was not in any wise objected to. It stated facts and not a conclusion.

There was no error in permitting the state's witness Enis to testify that the deceased at the time of the fatal difficulty was drunk or that "he looked like a drunk man" to the witness. Such evidence is not objectionable on the ground that it states the conclusion of the witness.—*May v. State,* 167 Ala. 36, 52 South. 602. It was material as a part of the res gestae, as well as for other reasons. Besides, the defendant himself, as a part of his direct examination, testified that deceased was drinking, and hence would not be in a position to complain of the evidence, even if it were immaterial.

The court charged the jury orally, among other things, as follows, to which part of the oral charge the defendant then and there duly objected and excepted

before the jury retired, to-wit: "Our law, as it is at present and has been for a number of years, allows the defendant to testify for himself; but our Supreme Court, in construing that statute, and I believe the statute itself, says that the jury *must* weigh the evidence of the defendant in the light of the fact that he is the defendant, and give it such weight as they see fit and think it entitled to." It is an invasion of the province of the jury for the court to instruct them that they *must* weigh the testimony of the defendant in the light of the fact that he is the defendant, though it would be proper to charge them that they may do so.— *Tucker v. State,* 167 Ala. 1, 52 South. 464; *Roberson v. State,* 175 Ala. 15, 57 South. 829; *McKee v. State,* 82 Ala. 32, 2 South. 451; *Morris v. State,* 87 Ala. 85, 6 South. 371; *Allen v. State,* 87 Ala. 107, 6 South. 370; *Lewis v. State,* 88 Ala. 11, 6 South. 755.

If exception had been taken, therefore, to only this part of the charge, it would have been well taken and necessitated a reversal of the judgment of the court below under the authorities cited. However, it will be observed that the exception is not limited to this part, but embraces other parts of the charge, which are correct statements. The rule is that where an objection and exception are taken to a portion of a charge as a whole, if any part of that excepted to be good, the exception fails or is unfailing. The rule serves a wholesome purpose, in that it forces the party excepting to so single out by his objection the erroneous part of the charge as to definitely call the attention of the mind of the trial court to it specifically, to the end that, if he unintentionally fell into an error with respect to it, he may see it and correct it before the jury retires, or, if the statement was intentional, that he may have an opportunity, before it is too late, to reflect upon whether

he had erred or not in making it and to act then ac-cordingly—changing the charge or not, as his then matured judgment may dictate. The portion of the charge here excepted to as a whole involves three statements, to-wit: (1) That the defendant has a right to testify in his own behalf; (2) that the jury must weigh his testimony in the light of the fact that he is the defendant; (3) that they must give it such weight as they see fit and think it entitled to. The first and third propositions are correct. The second only is erroneous, and the word "must" therein found changed to "may" would obviate every defect in it. This single defect was not sufficiently pointed out by a sweeping objection and exception to the whole, a part of which was good, to fairly call the mind of the trial court to that which was bad. For the exception to be availing here, the defendant should have excepted only to that portion which charged that the "jury must weight the testimony of the defendant in the light of the fact that he is the defendant."—*Pugh v. State,* 4 Ala. App. 148, 58 South. 936.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.