# Descrippo *v.* The State.

## *Manslaughter.*

(Decided June 17, 1913. 62 South. 1004.)

1. *Evidence; Admission.*—Admissions made by a defendant are admissible although defendant spoke only broken English, and the witness who testified to the admissions could only understand parts of the conversation, since one testifying to an admission need not detail the entire conversation.

2. *Same; Former Testimony; Predicate.*—A witness must be able to state with substantial accuracy, the entire testimony given before he can be permitted to testify as to the former testimony of another witness.

3. *Trial; Reception of Evidence; Purpose.*—Where the question of insanity was raised by defendant, a question as to whether the witness had observed acts and works of the accused was objectionable in the absence of a showing as to the purpose or materiality of the

testimony, since it does not clearly appear that the question called for relevant and material testimony.

4. *Charge of Court; Credibility of Accused.*—A charge asserting that the jury did not have to weigh defendant's evidence in the light of the fact that he is the defendant, but that they may weigh it as they would other evidence in the case, is misleading as indicating that the jury may not consider the defendant's interest in the outcome of the trial in weighing his testimony, even if not otherwise incorrect.

5. *Criminal Law; Sentence; Improper Custody.*—Under section 7620, Code 1907, on a conviction for manslaughter in the first degree, a sentence to one year in the penitentiary is improper, as it should have been to imprisonment in the county jail, or hard labor for the county, and such a sentence will be reversed and the cause remanded for commitment to the proper authority.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Raffle Descrippo was convicted of manslaughter in the first degree, and he appeals. Affirmed in part, reversed in part, and remanded.

Charges 4 is as follows: "The court charges the jury that there is no law in this state which makes it your duty to consider defendant's evidence in the light of the fact that he is a defendant, but you have a right to weigh it as you would other testimony in the case."

The other charges refer to self-defense and the doctrine of retreat from the home and are covered by written charges given at defendant's request.

GUNN & POWELL, for appellant. The witness not understanding all that the defendant said, could not testify to extracts of the confessions or admissions alleged to have been made by the defendant.—*McAdory v. The State*, 62 Ala. 160; *Vines v. The State*, 49 Ala. 352; *Levison v. The State*, 54 Ala. 527; *Williams v. State*, 39 Ala. 533; 47 Pac. 194. The question as to whether a witness had observed the acts and works of the defendant, when referred to his plea of insanity, was proper. —*McLean v. State*, 16 Ala. 372; *Tawley v. State*, 133

[Descrippo v. The State.]

Ala. 138; *Naugher v. State,* 116 Ala. 463. The question as to his mind having been affected was proper.—*Gardner v. State,* 96 Ala. 112; *Parrish v. State,* 139 Ala. 16. The charge requested by defendant should have been given.—*Pugh v. State,* 58 So. 936; *Tucker v. State,* 167 Ala. 1. Charge 5 should have been given.—*Parsons v. State,* 81 Ala. 577; *Parrish v. State, supra.*

R. C. Brickell, Attorney General, and W. L. Martin, Assistant Attorney General for the State. The question asked the witness Baker was proper to elicit evidence showing flight on the part of the defendant.—*Rollings v. State,* 160 Ala. 82, 89. The evidence in the nature of a confession was based on the proper predicate, and was properly admitted.—*King v. State,* 40 Ala. 314, 319; *Steele v. State,* 83 Ala. 20, 25; *Dodson v. State,* 86 Ala. 60, 63; *Becham v. State,* 100 Ala. 15, 17; *Shields v. State,* 104 Ala. 35, 39; *Huffman v. State,* 130 Ala. 89, 91-2; *Bush v. State,* 136 Ala. 85, 88. The questions relative to the defendant's insanity were not proper. The issue is whether or not the defendant is sane or insane.—*Ward v. State,* 96 Ala. 100; *Dean v. State,* 105 Ala. 21; *Parrish v. State,* 139 Ala. 16, 50; *Braham v. State,* 143 Ala. 28, 40; *Milford v. State,* 2 Ala. App. 102, 109. Charges 5 and 6 permit a finding of not guilty, when the jury should have been confined under the charge to a finding of not guilty by reason of insanity.—*Parrish v. State,* 139 Ala. 16, 51; *Braham v. State,* 134 Ala. 28, 46; *Odom v. State,* 172 Ala. 383, 385.

PELHAM, J.—The defendant, who was tried for murder in the second degree and convicted of manslaughter, was shown to be an Italian coal miner who had lived in this country for the last seven or eight

years and could speak the English language only indifferently; was unable to speak it except in "a loose and broken manner," as expressed by some of the witnesses.

The defendant raises the question on this appeal of the admissibility of the evidence of two of the state's witnesses, who testified to an admission in relation to the offense with which the defendant was charged, made to them by the defendant, a short time after the fatal difficulty, in the presence of two Italian friends of the defendant. The contention that the admissions testified to were inadmissible and not competent evidence is based on the facts that the witnesses testifying to the admissions were Americans who could speak and understand only the English language; that, during part of the conversation with the defendant in which the admissions testified to were made, the defendant spoke in his native Italian tongue; and that when the defendant was so speaking such part of the conversation was not understood by the witnesses. It is contended that, as they did not understand and could not give the entire conversation, or the substance of it, the part they did understand and were able to repeat was not competent or admissible evidence. In other words, it is asserted that the court was in error in admitting what was said, because the witnesses could give only a portion of the conversation. The witnesses testifying to the admissions stated that the defendant started the conversation in Italian or "broken English" that they could not understand or fully comprehend, but that upon being requested to speak English he did so, and that from that time on they understood what he said. It is conclusively shown, however, that the witnesses did not clearly understand and fully comprehend all that was said during the course of the conversation be-

cause of their inability to understand the language or
tongue in which part of the conversation of the de-
fendant was spoken, although they related the whole of
the conversation understood by them. The admissions
testified to were declarations against interest in the
nature of a confession, and the question is fairly and
squarely presented as to whether or not such an ad-
mission is competent evidence against a defendant
when the witness narrating it cannot give the entire
conversation in which it occurred because of his fail-
ure to hear or inability to understand the whole conver-
sation.

The proposition involved in this inquiry is not to be
confused with the question of the admissibility of for-
mer testimony as secondary evidence, where the test of
the competency of a person to testify is whether he can
state with substantial exactness the entire testimony
given by the witness on a former occasion. Such a pre-
liminary is not necessary to show the competency of a
witness who is called upon to testify to a mere state-
ment made by a party against interest. Neither the
exact language nor the substance of the conversation
is the direct object of the inquiry, but the scope of the
proof undertaken goes no further than to show a dec-
laration made by the party against his interest; and
this statement is competent evidence, even though the
witness may be unable to state more than the substance
of the language employed in making it, leaving the de-
fendant (or the party making the declaration against
interest) the right to go into the entire matter and con-
trol the effect of the admission so far as he can do so.
The making of an admission by a party is an act which,
so far as it produces conviction, does so by reason of
the probability, based on experience, that the statement

or declaration against interest would not have been
made had it not been true, and such an act may be
shown like any other act which is not a statement. The
*competency* of the statement is not to be affected be-
cause the witness testifying to it cannot give the entire
conversation in which it was made, although this fact
may tend to weaken its force and effect to a more or
less extent, depending upon the circumstances of the
particular case. The evidence is competent and goes
to the jury for what it is worth, and it is for the jury
to say how greatly it is impaired by the fact that the
witness heard or understood only a part of what was
said in the conversation. Our investigation of this
question does not disclose that it has been pointedly
decided in this state, but the exact question here pre-
sented was before the Supreme Court of Montana in
the case of *State v. LuSing,* reported in 34 Mont. 31, 85
Pac. 521, 9 Ann. Cas. 344, where it is ably handled in
the opinion of the court, and many authorities from a
number of different states and authors of standard text-
books are cited in support of the conclusion "that mere-
ly because a witness did not hear all of the conversa-
tion, or did not understand it all, does not render in-
competent what he did hear or understand." See, also,
*Woodward v. State,* 50 Tex. Cr. R. 294, 97 S. W. 499;
*Williams v. Keyser,* 11 Fla. 234, 89 Am. Dec. 243;
*Voorheis v. Bovell,* 20 Ill. App. 538.

Under the facts in this case, our holding on the prop-
osition we have treated above finds support in the case
of *McAdory v. State,* 62 Ala. 154. In this case, as in
that, there were others present at the conversation hav-
ing the opportunity and ability to hear and understand
all that was said, by whom the defendant could have
proved the entire conversation, had he so desired. The

effect of the ruling in *McAdory's Case* is that a witness may testify to an admission or confession, even though it constituted but part of the conversation and he did not hear the whole of it. Of course it is a different proposition that would be presented if the court had by its ruling suppressed any part of the conversation which the witnesses heard and understood and were able to relate.

It may be referred to, in passing from the consideraiton of this question as presented by the present record, that the defendant, when subsequently testifying as a witness in his own behalf, gave substantially the same testimony in its material parts as attributed to him by the witnesses testifying to the admissions.

The court cannot be put in error for sustaining an objection to the question to the witness Green, "Have you been with him [defendant] so as to observe his acts and work since then?" While the defendant had interposed a plea of insanity and that was an issue in the case, the question was not of a nature to inform the court that the answer the defendant expected to elicit would have any bearing on the issues before the court. Unless it clearly appears that the answer to the question would be admissible and relevant, counsel must state the facts expected to be elicited, showing their materiality, before the court can be put in error for sustaining an objection to the question.—*Howard v. State,* 151 Ala. 22, 44 South. 95; *Pittman v. State,* 153 Ala. 1, 45 South. 245; *Parham v. State,* 147 Ala. 57, 42 South. 1; *Montgomery v. State,* 160 Ala. 7, 49 South. 902; *Ross v. State,* 139 Ala. 144, 36 South. 718.

Other rulings on the evidence to which exceptions were reserved are clearly without merit and require no discussion. The rulings of the court in sustaining ob-

jections to certain questions, if erroneous, were afterwards rendered harmless by the introduction of proof of the facts sought to be shown, which facts were uncontroverted.—*McGuire v. State*, 3 Ala. App. 40, 58 South. 60; *Murphy v. State*, 118 Ala. 137, 23 South. 719.

Charge No. 4, if it does not directly misstate the law, is certainly misleading. While it has been held that it is error to instruct the jury that they *must* consider the fact that the defendant is interested, in considering the weight to be accorded his testimony when examined as a witness, it is competent for the court to instruct the jury that they may consider his interest in the case, and no obligation rests upon the court to charge the jury that they have the right to weigh his testimony as they would that of other witnesses. "The credence to be given to his testimony should be left to the jury, unembarrassed by direct or indirect instructions from the court bearing on its sufficiency."—*Norris v. State*, 87 Ala. 85, 88, 6 South. 371, 372. See, also, *McKee v. State*, 82 Ala. 32, 2 South. 451. The charge would import to the jury that they were bound as a matter of law to give to the defendant's statements exculpating himself from guilt the same weight they give to the other evidence.—*Childress v. State*, 86 Ala. 77, 5 South. 775. Other charges refused that are not covered by the given charges are patently bad.

The judgment entry shows that the jury found the defendant guilty of manslaughter in the first degree and fixed his punishment at imprisonment in the penitentiary for one year. The sentence of the court is in accordance with the verdict. This is not authorized by law (Code, § 7620). That part of the judgment prescribing the place of punishment only is reversed, and the cause is remanded to the end that the trial court

may impose a proper sentence upon the defendant committing him to the custody of the authorities provided by law.—*Robinson v. State,* 6 Ala. App. 13, 60 South. 558.

Affirmed in part, reversed in part, and remanded.