(75 South. 641)

### ADAMS v. STATE. (6 Div. 293.)

(Court of Appeals of Alabama. May 15, 1917.)

1. ASSAULT AND BATTERY ⊚⇒67—SELF-DEFENSE—DUTY TO RETREAT.

For the purpose of self-defense which stops short of killing or attempting to kill, there is no duty to retreat.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 96, 97.]

2. ASSAULT AND BATTERY ⊚⇒84—EVIDENCE—CONDUCT OF DEFENDANT.

It was the solicitor's right on cross-examination to inquire as to whether defendant made any effort to avoid the difficulty by leaving the place where it occurred; it being pertinent to the question whether he entered the fight willingly.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 132.]

3. ASSAULT AND BATTERY ⊚⇒67 — SELF-DEFENSE—VOLUNTARY ENTRANCE INTO FIGHT.

Where defendant entered the fight willingly, he had no right to plead self-defense when prosecuted for assault and battery.

[Ed. Note.—For other cases, see Assault and Btatery, Cent. Dig. §§ 96, 97.]

4. CRIMINAL LAW ⊚⇒758 — TRIAL — INSTRUCTION.

The court's oral charge, instructing that in considering defendant's testimony the jury must look to the fact that he was the defendant, was invasive of the jury's province and improper.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1786–1789.]

Appeal from Cullman County Court; R. I. Burke, Judge.

Ernest Adams was convicted of an offense, and he appeals. Reversed and remanded.

J. P. Lockwood, of Cullman, for appellant. W. L. Martin, Atty. Gen., for the State.

BROWN, P. J. The ruling of the court on the admission of the evidence was free from error.

[1-3] While, "for the purpose of self-defense which stops short of killing or attempting to kill, there is no duty to retreat" (Beyer v. B. R. L. & P. Co., 186 Ala. 56, 64 South. 609; Blankenship v. State, 11 Ala. App. 125, 65 South. 860), it was the right of the solicitor on cross-examination to inquire as to the conduct of the defendant on the occasion of the assault, and the fact that the defendant made no effort to avoid the difficulty by leaving the place of the difficulty was pertinent to the question as to whether he entered the fight willingly, which, if shown, would cut off the right of the defendant to plead self-defense. Howell v. State, 79 Ala. 283; McWilliams v. State, 12 Ala. App. 92, 67 South. 735.

[4] That part of the oral charge of the court instructing the jury that in considering the testimony of the defendant they "must look to the fact that he is the defendant," etc., was invasive of the province of the jury, and must work a reversal of the judgment of conviction. Tucker v. State, 167

Ala. 1, 52 South. 464; Roberson v. State, 175 Ala. 15, 57 South. 829; Swain v. State, 8 Ala. App. 26, 62 South. 446.

We find no other error in the record; but, for the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.