## MANN v. STATE. (6 Div. 470.)

(Court of Appeals of Alabama.   March 24, 1925.)

**1. Criminal law ⊗⟞1169(1) — Testimony of state's witness, that it was customary for him to assist officer to apprehend a criminal, held not harmful.**

In prosecution for possession of still, admission of testimony of state's witness, that it was customary for him to assist officer of law of county to apprehend a criminal, was not harmful.

**2. Criminal law ⊗⟞306—Law presumes men will do their duty.**

It is duty of all good citizens to assist an officer to apprehend a criminal, and law presumes men will do their duty.

**3. Criminal law ⊗⟞761(9)—That trial judge stated several undisputed facts, as disclosed by evidence in oral charge, held not erroneous.**

In prosecution for possession of a still, that trial judge stated several undisputed facts as disclosed by evidence in his oral charge, did not constitute error, in view of Code 1923, § 9507; such statement not constituting a charge on effect of evidence.

**4. Criminal law ⊗⟞404(1)—Articles found at still held admissible as being part of locus in quo.**

In prosecution for possession of still, articles found at still, consisting of coat, some papers in pockets, and a brace and bit, of which coat was shown to belong to defendant, but no ownership was shown as to brace and bit, were admissible as being a part of locus in quo.

**5. Criminal law ⊗⟞786(3)—Charge directing jury to consider defendant's testimony in light of his interest in result held erroneous.**

In prosecution for possession of still, charge directing jury to consider defendant's testimony in light of interest that he had in result *held* reversible error.

**6. Criminal law ⊗⟞786(1)—Defendant's testimony should be left to jury, unembarrassed by instructions bearing on its sufficiency.**

Defendant's testimony when he elects to give evidence should be left to jury, unembarrassed by instructions from court bearing on its sufficiency.

**7. Criminal law ⊗⟞757(1)—Instruction on testimony as to defendant's moral character held misleading.**

Instruction that, if jury found that defendant was a man of good moral character, not by testimony of one or two men, but that he was generally reputed to be such a man, etc., *held* misleading, since a fact may be established as firmly by testimony of "one or two men" as if testified to by an entire community, and there were only two witnesses who testified to good character of defendant and none who testified to contrary.

**8. Criminal law ⊗⟞553—Fact may be established as firmly by testimony of one or two witnesses as if testified to by an entire community.**

A fact may be established as firmly by testimony of one or two witnesses as if testified to by an entire community.

**9. Criminal law ⊗⟞782(13)—Instruction to acquit defendant, if circumstances could be reconciled with theory of another's guilt, properly denied, in view of facts.**

In prosecution for possession of a still, instruction to acquit defendant, if circumstances could be reconciled with theory that some other person may have done act charged *held* properly refused, in view of facts.

**10. Criminal law ⊗⟞829(1)—Refusal of requested charge fully covered by oral charge is not error.**

Refusal of requested charge fully covered by oral charge is not error.

**11. Criminal law ⊗⟞814(1)—Refusal of inapplicable charge is not error.**

Refusal of an inapplicable charge is not error.

**12. Criminal law ⊗⟞813—Refusal of an abstract charge is not error.**

Refusal of an abstract charge is not error.

**13. Criminal law ⊗⟞807(1), 809—Refusal of argumentative and misleading charge is not error.**

Refusal of a charge which is argumentative and has a tendency to mislead is not error.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Sam Mann was convicted of possessing a still, and he appeals. Reversed and remanded.

Charge 1, refused to defendant, is as follows:

"(1) The court charges the jury that no matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act charged, then the defendant is not shown to be guilty by the high degree of proof the law requires."

Ward, Nash & Fendley, of Oneonta, for appellant.

The credence to be given to defendant's testimony should be left with the jury. Hembree v. State, ante, p. 181, 101 So. 221; Green v. State, 19 Ala. App. 239, 96 So. 651; Adams v. State, 16 Ala. App. 93, 75 So. 641; Swain v. State, 8 Ala. App. 26, 62 So. 446; Tucker v. State, 167 Ala. 1, 52 So. 464.

---

⊗⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citing authorities.

SAMFORD, J. [1, 2] The first insistence of error is that the court permitted the principal state's witness to testify that:

"It was customary for him [witness] to assist an officer of the law of the county to apprehend a criminal."

This is the duty of all good citizens, and the law presumes men will do their duty. The testimony strictly speaking was immaterial, but we do not think it was of such a character to injuriously affect the defendant's case.

[3] Exception is taken to several excerpts from the court's oral charge, wherein the trial judge stated several undisputed facts as disclosed by the evidence. Under section 9507 of the Code of 1923 the court may state the evidence to the jury when the same is undisputed, but shall not charge upon the effect of the evidence unless required to do so by one of the parties. None of these excerpts excepted to violated this rule. Thornton v. State, 18 Ala. App. 225, 90 So. 66.

[4] There were found at the still several articles, among which was a coat, with some papers in the pockets, and a brace and bit. The coat was shown to be the property of defendant, but no ownership was shown as to the brace and bit. These were all admissible as being a part of the locus in quo, for what they were worth as evidence in establishing in whom was the possession of the still, and the court properly charged the jury as to how this evidence should be considered. As illustration of the group of exceptions of this nature, the court instructed the jury:

"If he carried the coat there, and left it there, then you may consider that as a circumstance against him."

There was evidence that when the state's witness came upon the parties at the still, they fled. The fact that in their haste to flee they left behind wearing apparel and tools, this fact would increase the value of the evidence of flight, in addition to a tendency towards identification of the parties.

[5, 6] In the oral charge, exception was taken to the following excerpt:

"The defendant is a competent witness in his own behalf, and the law permits him to give his explanation and give his version, and you are not capriciously or captiously to disregard it, but to consider it in the light of the interest he has in the result of the verdict and in connection with all the other testimony in the case, and give it such weight as you think it is entitled to receive under the circumstances."

Let us divest this charge of its interpolations and see how it would read: The defendant is a competent witness in his own behalf—consider his testimony in the light of the interest he has in the result of the verdict to be rendered; i. e. that he is the defendant and may be convicted and sentenced to the penitentiary. The additional instruction that it was to be considered in connection with all the other evidence in the case and to give to it just such weight as you think it is entitled to receive under the circumstances, does not relieve the testimony of the discredit that has already been put upon it by the court, to whom the jury too frequently, perhaps, looks for intimations as to the guilt or innocence of defendants on trial. The vice of the charge lies in the fact that they are to consider the testimony in the light of the fact that the defendant has an interest in the result of the trial, based upon the evidence, which may deprive him of his political rights and incarcerate him in the penitentiary for a period of from 1 to 5 years. The judge trying this case has slightly changed the verbiage used in Green v. State, 19 Ala. App. 239, 96 So. 651, but the effect is the same. It has many times been held that the court is not in error when it charges the jury that the interest of the defendant in the result may be considered by them in weighing his testimony. 4 Mitch. Digest, p. 395, par. 534 (2). But in many cases the appellate courts are equally positive to the conclusion that a charge which directs the jury to so consider defendant's testimony is error. The testimony of a defendant, when he elects to give evidence, should be considered and left to the jury, unembarrassed by direct or indirect instructions from the court bearing on its sufficiency. Norris v. State, 87 Ala. 85, 6 So. 371; Descrippo v. State, 8 Ala. App. 85, 62 So. 1004; McKee v. State, 82 Ala. 32, 2 So. 451; Green v. State, 19 Ala. App. 239, 96 So. 651; Tucker v. State, 167 Ala. 1, 52 So. 464; Roberson v. State, 175 Ala. 15, 57 So. 829; Adams v. State, 16 Ala. App. 93, 75 So. 641. There are many other decisions to the same effect. All are to the effect that undue prominence should not be given to the fact that the testimony is that of the defendant.

[7, 8] Exception was taken to the following excerpt from the oral charge:

"If the jury find he is a man of good moral character, not as a fact by the testimony of one or two men, but that he is a man generally reputed to be a man of good moral character, then you may take that fact, if proven to your satisfaction, and consider the other evidence in the light of the fact he is a man of good moral character, and if, notwithstanding that fact, you are satisfied beyond a reasonable doubt that he is guilty, it would be your duty to convict."

This instruction was misleading; a fact may be established as firmly by the testimony of "one or two" men—as firmly as if testified to by an entire community. In the case at bar there were only two witnesses who testified to the good character of defendant.

There were none who testified to the contrary. The defendant was entitled to have the testimony of these two witnesses considered by the jury, free from any unfavorable comments from the court.

[9-13] The facts in this case render the refusal of written charge 1 free from error. Tatum v. State (Ala. App.) 100 So. 569;[1] McKenzie v. State, 19 Ala. App. 319, 97 So. 155. Charge 2, being the affirmative charge as to count 2, and charge 9, being the general charge, were both properly refused. Charge 3 was fully covered by the oral charge. Charge 4 is not applicable in a case of this kind. Charge 6 is abstract. Charge 7 is argumentative and had a tendency to mislead. Charge 8, while a correct statement of the law, is abstract, as the evidence tending to prove the possession also tended to prove its illegal use.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

