(110, So. 157)

## BUTTERWORTH et al. v. STATE.
(7 Div. 229.)

(Court of Appeals of Alabama. Oct. 26, 1926. Rehearing Denied Nov. 9, 1926.)

Intoxicating liquors ☞226—Any evidence tending to connect either defendant with possession of still is relevant, when finding of joint possession is warranted.

In prosecution for possession of still, if evidence warrants finding that possession thereof was joint, then act of one relative to possession would be binding on other, and any evidence tending to connect either of defendants with possession thereof during period of possession would be relevant, since unlawful possession is continuing offense.

Appeal from Circuit Court, Talladega County; R. B. Carr, Judge.

Ed Butterworth and Knox Adams were convicted of unlawfully possessing a still, and they appeal. Affirmed.

Knox, Dixon, Sims & Bingham, of Talladega, for appellants.

Counsel argue for error in the questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The affirmative charge was properly refused. Tatum v. State, 20 Ala. App. 436, 102 So. 726. Possession is a continuing offense; evidence of the acts of defendants consistent with their possession was properly admitted. 16 C. J. 592; Lane v. Tuscaloosa, 12 Ala. App. 599, 67 So. 778; Garner v. Green, 8 Ala. 96; Clements v. Hays, 76 Ala. 280. Testimony tending to show what was at the still was admissible. Mann v. State, 20 Ala. App. 540, 103 So. 604.

SAMFORD, J. The indictment was in two counts. The first charged a manufacture of prohibited liquors and the second of unlawfully possessing a still.

At the request of defendants in writing, the court instructed the jury to find the defendants not guilty under the first count. There was ample evidence to have warranted the refusal of this charge, but, having been given and the jury's verdict being responsive thereto, all rulings relative to the first count, except where they relate also to the second count, are of no avail to the defendants on this appeal.

Regarding the charge in the second count of the indictment, the unlawful possession of

a still is a continuing offense. The *time* of the possession may be for a moment or for a term. If the evidence is such as to warrant the jury in finding that the possession of the still was joint, then the act of one, relative to the possession, would be binding on the other and any evidence tending to connect either of the defendants with the possession of the still during the period of possession would be relevant. 16 Corpus Juris, 592. The rulings of the court were in accord with the foregoing.

Evidence of the still and surroundings relating to the possession was relevant. Mann v. State, 20 Ala. App. 540, 103 So. 604.

The general charge was properly refused; there being evidence justifying a conviction.

There is no error in the record, and the judgment is affirmed.

Affirmed.