140 So. 175

## MOORE v. STATE.

### 8 Div. 288.

Court of Appeals of Alabama.

March 1, 1932.

R. B. Patton, of Athens, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was tried on November 3, 1930, under an indictment consisting of but two counts; the first, charging that he unlawfully distilled, etc., alcoholic, etc., liquors etc., and the second, that he unlawfully had in possession, etc., a still, etc., to be used for the purpose of manufacturing prohibited liquors.

He was adjudged guilty, and duly sentenced.

■ His motion to quash the indictment on the salient ground that it was indorsed "a true bill," and signed "R. A. Chambers, Foreman, Grand Jury," whereas "R. A. Chambers" was not a member of the grand jury returning the indictment, but the only "Chambers" on same, and the foreman thereof, was "Lonnie A. Chambers," was properly overruled.

Upon the hearing on said motion there was evidence adduced that fully warranted the trial judge finding, as he doubtless did, that "R. A. Chambers" was the way "Lonnie A. Chambers" signed his name, i. e., that "R. A. Chambers" was the man, and "Lonnie A. Chambers" but an alias, or nickname. by which he was sometimes called. Swain v. State, 8 Ala. App. 26, 62 So. 446.

■ In April, 1931, appellant filed a motion to amend, nunc pro tunc, the "minutes of the court," to show that the verdict of the jury, upon which appellant was adjudged guilty as charged in the second count of the indictment, was "we the jury find the defendant guilty in second account having still in his possession," instead of, as it appeared in said minutes, "we the jury find the defendant guilty under the second count of the indictment." His purpose being, it is apparent, to contend here, on appeal, that the verdict which he claims was actually returned into court, and accepted, was insufficient upon which to render a judgment.

A separate bill of exceptions is filed here, growing out of the hearing upon this motion.

It seems unnecessary for us to do more, or say more, about this phase of the case, than to announce that, in our opinion, the verdict which appellant contends was actually returned by the jury, was sufficient.

As stated in 27 R. C. L. at page 859 (§ 31): "If the intention of the jury is clearly manifested, bad spelling or faulty grammar will not vitiate the verdict. Accordingly verdicts have been upheld where the jury used the word * * * 'account' for 'count' "—citing Roberts v. State, 14 Ga. 8, 58 Am. Dec. 528.

That is the case here. The second count of the indictment charged the appellant with being in possession, etc., of a still etc.

·If the word "account," in the verdict appellant contends was the actual verdict, is changed to "count" (and the context leaves no doubt that "count" is what was intended, and meant) said verdict would read: "We the jury find the defendant guilty in second count having still in his possession." This, obviously, would be a sufficient verdict. So, no need for us to decide whether or not appellant's said motion above referred to was properly overruled.

■ Each of the purely technical questions which were vigorously pressed upon us by appellant's able and resourceful counsel now having been treated, it only remains to say that the evidence was ample to support the verdict returned by the jury; that we find merit in no exception reserved on the taking of testimony; and that the written, requested, and refused charges, appearing in the record, were, each of them, if not otherwise refused without error covered in substance and the same principle of law included therein, given to the jury, in either the trial court's oral charge, or some one of the many written charges given at appellant's request.

We have searched the record for error, but find none.

The judgment of conviction is affirmed.

Affirmed.